### DALE v. CARSON et al.

No. 18893. Opinion Filed Nov. 19, 1929.

Rehearing Denied Jan. 21, 1930.

Commissioners' Opinion, Division No. 2.

D. B. Horsley, for plaintiff in error.

Leahy, Macdonald & Files, K. J. Lott, G. K. Sutherland, Widdows & McCoy, and J. M. Humphreys, Osage Tribal Attorney, for defendants in error.

HERR, C. This is a companion case to the case of Clara Carson v. Phillip Carson, No. 18553, this day decided, 141 Okla. 106, 283 Pac. 1015.

It appears that appellant was married to Phillip Carson on the 8th day of October, 1916. On April 2, 1918, on petition filed by appellant, she was granted a divorce from her husband in the district court of Osage county. On April 10, 1920, she again married, at which time her former husband was still living. Thereafter, and on September 13, 1920, her former husband died and administration was duly had upon his estate in the county court of Osage county. A petition for the determination of heirship was filed therein on December 9, 1926, and appellant was subsequently made a party to said action. Sometime thereafter she filed her answer therein claiming as an heir at law of Phillip Carson, deceased, on the theory that she was still his wife, her contention being that the decree of divorce obtained by her was absolutely void.

The county court of Osage county held against her contention, held the decree valid, and further held that she was not an heir at law of Phillip Carson, deceased, and not entitled to participate in the distribution of his estate. An appeal was taken by her from this judgment to the district court of Osage county, which court likewise held against her. To reverse this judgment, she appeals to this court.

As to whether appellant is an heir at law of Phillip Carson, deceased, and entitled to participate in the distribution of his estate depends upon the effect given the divorce decree obtained by her. If this decree is void, she is entitled to inherit; if valid, she is precluded therefrom.

In the case of Carson v. Carson, No. 18553, 141 Okla. 106, 283 Pac. 1015, we held the decree here assailed valid as to her. That holding disposes of this case, as what is there said applies with equal force to the instant case. We may say, however, in addition to what is there said, that the evidence in the instant case discloses that after procuring the divorce appellant again married while her former husband was still living, thus bringing this case clearly within the holding in Cummings v. Huddleston, 99 Okla. 195, 226 Pac. 104. It is there said:

"Where a divorce decree is entered by default, and the defendant therein, upon learning of such decree, makes investigation and

satisfies himself that the divorce has in fact been granted, whereupon he marries another woman, such action operates as an estoppel against such party to thereafter question the validity of such divorce decree after the death of the plaintiff in such action."

The above case is decisive of the question here presented. Judgment should be affirmed.

BENNETT, FOSTER, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) anno. L. R. A. 1917B, 503; 9 R. C. L. p. 459; R. C. L. Perm. Supp. p. 2475. See "Courts," 15 C. J. § 164, p. 845, n. 21. "Divorce," 19 C. J. § 438, p. 176, n. 73.