## HARDEN v. HARDEN.

Nos. 27562, 27522.   Jan. 25, 1938.

Rehearing Denied March 8, 1938.

Application for Leave to File Second Petition for Rehearing Denied April 5, 1938.

N. E. McNeill and Wimbish & Wimbish, for Elizabeth Harden.

W. W. Pryor and C. F. Green, for Andrew J. Harden.

WELCH, J. The trial court granted plaintiff a divorce on account of fault of the defendant, and decreed plaintiff alimony in the sum of $300,000. Both parties appealed. They will be referred to herein as they appeared in the trial court.

The plaintiff contends that the trial court erred in refusing to decree her a division of property, contending that there was property jointly acquired which under section 672, O. S. 1931, should have been divided between the parties.

The parties were married 'about the year 1880 and lived together for many years on a portion of land now belonging to defendant. Several children were born of the union, all now past majority. Plaintiff abandoned the defendant in 1914, moved away from

the homestead, and has ever since lived separate and apart from him.

This abandonment, however, according to the evidence and the judgment of the trial court, was justified on account of the fault of the defendant. The property here involved consists of land recently highly valuable by discovery of oil, together with moneys already received by defendant for oil, or moneys held for him as payment for oil runs. Most of the land involved came to defendant by allotment as an intermarried citizen of the Chickasaw Nation. Eighty acres of the land was purchased by defendant some time after the plaintiff had moved away from the home, the plaintiff joining with defendant in executing a mortgage on this 80 acres as security for a portion of the purchase price thereof.

Plaintiff contends that because she was of Indian blood the defendant's allotment was jointly acquired within the meaning of the statute, and that the 80-acre tract was jointly acquired by reason of the circumstances of the purchase thereof. We are of the view, however, that the defendant's allotment came to him by reason of his being treated as a member of the Chickasaw Tribe of Indians, and was the direct result of his citizenship in the tribe. While the marriage may have been the means through which defendant attained to citizenship, the plaintiff had no part in the defendant's acquisition of the allotment within the meaning of the statute. An Indian allotment is not acquired by industry or effort of the allottee, but by reason of his acceptance and registration and enrollment as a member of the tribe. Albert v. Albert, 120 Okla. 172, 251 P. 476. And as to the purchase of the 80 acres by the defendant after plaintiff had moved away, there is no circumstance justifying the conclusion that it was in any sense acquired by the joint industry of the parties, or jointly acquired by the parties. The plaintiff likewise had an allotment of land, and after she moved away from the defendant in 1914 she handled her affairs and her property separately, and the defendant handled his affairs and his property separately. The parties never lived together after defendant acquired this 80 acres. It was merely necessary, by reason of the marital status, that both husband and wife sign the mortgage securing the balance of the purchase price of the 80 acres (perhaps it was demanded so by the mortgagee), and the mere fact that plaintiff joined in the execution of the mortgage would not make the purchase a joint acquisition. We therefore conclude that the property involved could not necessarily be said to have been jointly acquired within the meaning of the statute.

The plaintiff in an effort to obtain a division of the land has raised the question of the homestead character of the land or some portion thereof. We find no controlling force in this contention. In a divorce proceeding the homestead may be treated as any other property, and might be set aside to the wife or left with the husband. If the title is in the husband and no disposition is made thereof, it remains the property of the husband (Goldsborough v. Hewitt, 23 Okla. 66, 99 P. 907), and if the court deals fairly with the wife by an alimony decree of money or property, taking into consideration the value of the homestead and other property, then the wife has no just grounds for complaint based merely on the contention that the homestead was not divided between the parties or decreed to her.

Under the circumstances here, the plaintiff had no fixed right to a division of the property or any part thereof. There was no jointly acquired property. There was ample competent evidence justifying the conclusion of the trial court that the plaintiff was entitled to a divorce by reason of the fault or aggression of the husband, and she was entitled to alimony either in specific property or in money in a reasonable amount.

The trial court found that plaintiff should have alimony in the sum of $300,000; $6,000 had already been paid and the trial court required that $94,000 additional be paid forthwith and $100,000 be paid on July 1, 1937, and the remaining $100,000 be paid July 1, 1938. The court was provided with ample statutory authority to render such a decree; the question remaining of its reasonableness under the circumstances.

The plaintiff contends that a larger award should have been made, while the defendant contends that the amount awarded is unreasonable and excessive. The aggregate value of the defendant's estate at the time of the trial was slightly in excess of $1,000,000, while at that time the value of any property owned by the plaintiff was practically nothing. It satisfactorily appears from the record that the separation of the parties was the result of defendant's improper treatment of plaintiff, extending over a long period of time, and that the plaintiff was without any serious fault, and the trial court so found. Numerous facts and circumstances are to be considered by this court in passing upon the reasonableness of an alimony award. Those considerations have been mentioned in numerous prior de-

cisions, including our opinions in Dresser v. Dresser, 164 Okla. 94, 22 P. (2d) 1012, and Tobin v. Tobin, 89 Okla. 12, 213 P. 884.

It is not necessary that all such considerations be here restated. We do state, however, that it is proper, among other things, to include a fair consideration of the divorced wife's loss of the right of inheritance. 19 C. J. 257; see Wheeler v. Wheeler, 167 Okla. 598, 32 P. (2d) 305; Dresser v. Dresser, supra, and Wiggin v. Buzzell, 58 N. H. 329.

In states where the wife has the right of dower, the court in passing upon the reasonableness of an alimony award takes into consideration the loss of such dower rights by divorce. Wesley v. Wesley (Ky.) 204 S. W. 165; Demauriac v. Demauriac (Mich.) 220 N. W. 786.

In our state, rights of dower are abolished, but the wife has a contingent right of inheritance, and rights even against alienation by will, in which she is fully protected by statute. And where the divorce is necessary by reason of the fault of the husband, it is but natural justice that in fixing an award of alimony all of these rights of the wife as applied to the property presently owned should be taken into consideration.

We do not mean to say that that amount of alimony is to be expressly governed by the apparent value of her right to inherit from her husband. In some cases a fair award of alimony might be of more value than the wife's inheritance if the husband then died, while in other cases a fair award might be much less than such an inheritance value. We merely mean that the loss of the inheritance right should be considered along with the character of the property, the status of the parties, the duration of the marriage and the other things often pointed out in our former decisions. And it would be erroneous to limit the alimony award merely to the bare necessary maintenance requirements of the wife, where, as here, there is full justification for a much larger award than merely enough to maintain the wife during her life expectancy.

Both of the parties here are well advanced in age, and if we consider merely the amount necessary for adequate maintenance and support, then the amount awarded plaintiff would be far more than reasonably necessary, while the estate left with the defendant would be likewise much more than generous necessity or reasonable luxury would require.

There is no question of the defendant's ability to pay the alimony as awarded without jeopardizing the remaining portion of his estate. His property is of great value, as heretofore stated, and his assets are quite liquid. He will have abundant cash available to make these payments as decreed, if indeed, he does not already have more than the entire alimony award in available cash. In view of the status of the parties, and the character and value of the estate, and all other considerations which are fully presented in the briefs of the parties, we are impressed with the conclusion that the alimony awarded was in all respects reasonable and fair. We cannot agree with plaintiff's contention that the amount should be increased, nor with the defendant's contention that there is any substantial reason why it should be decreased. We cannot but conclude that the trial court in fixing the amount properly took into consideration all matters which were presented and entitled to consideration by or in favor of either of the parties. There are circumstances presented in reference to the character of the land which sufficiently indicate that it was the proper and better plan to decree alimony in money rather than in specific property. The discretion of the trial court should control and his conclusion should not be disturbed unless there was some abuse of discretion or some conclusion against the clear weight of the evidence. There is nothing in the record to persuade us to such a conclusion against the action of the trial court.

Plaintiff objects to the decree in that the manner in which the award is made subjects both parties to a greater tax burden than would have resulted had the property been divided. An award in money rather than in property was proper in this case. The fact that a greater tax results therefrom does not justify a division of the property. The parties themselves may so arrange their affairs in order to legally reduce the tax burden (Gregory v. Helvering, 293 U. S. 465), but this matter is of no concern on this appeal.

The defendant has pleaded in bar to the present action a judgment rendered by the district court of Pontotoc county in 1932, in an action by the present plaintiff against defendant for separate maintenance. There the court rendered a decree wherein plaintiff was awarded a portion of defendant's personal property in full satisfaction of any and all claims the plaintiff then had or thereafter may have against defendant for support, maintenance, or alimony.

Defendant says the plaintiff is estopped by this judgment for the reasons, first, the judgment is res adjudicata of all claims

against defendant; second, plaintiff has acquiesced in the judgment by accepting the fruits thereof.

It is asserted by defendant that in an action of the nature of that from which the former judgment arose, the court, under authority of Privett v. Privett, 93 Okla. 171, 220 P. 348, may "make such order as may be proper for the equitable division of the property then owned by them, taking into consideration the time and manner of its acquisition, and when such order is made, it is final as between the parties."

In that case the question of divorce was involved, and the court was speaking of the effect of a decree rendered under authority of section 669, O. S. 1931, wherein the court may divide the property although the prayer for divorce may be denied.

The former action between the parties in this case was commenced under authority of section 678, O. S. 1931, and was for separate maintenance alone. No divorce was sought by either party, nor any division of the property. The court did, however, proceed to divide the property of defendant with the plaintiff, and purported to make the judgment final and binding as to all present and future claims of the plaintiff. The judgment was fully satisfied and plaintiff accepted all the benefits thereof. Defendant says the plaintiff is now estopped from claiming alimony, or further interest in defendant's property.

That former judgment, however, is not supported by the issues as formed by the pleadings. The plaintiff did not seek a transfer of defendant's property. We can look upon the judgment as one awarding alimony in the form of personal property transferred from defendant to plaintiff in lieu of cash. In Anderson v. Anderson, 140 Okla. 168, 282 P. 335, we said that "under our law there is no provision for transfer of the property of the husband in an action for alimony without divorce. For that reason the judgment in so far as it. may be construed to be a division of property is coram non judice and void." We therefore find that plaintiff is not here estopped by reason of such former judgment.

Finally, the plaintiff contends that the trial court erred in attempting to create a trust of the alimony awarded so that the income therefrom would be paid to plaintiff and the trust estate to descend to her heirs upon her death. We find no authority for such disposition of the alimony award by the trial court. The plaintiff is entitled to this alimony, and, as we have found, the sum awarded is reasonable. We must hold, however, that the trial court erred in attempting to create a special trust of the alimony awarded. It was so held in Simpson v. Simpson (Cal.) 22 P. 167, and that holding was approved by this court in Roberts v. Roberts, 175 Okla. 602, 53 P. (2d) 671.

The judgment of the trial court is in all things affirmed, with this modification, that the portion of the judgment decreeing a trust of the alimony awarded is vacated.

OSBORN, C. J., BAYLESS, V. C. J., CORN, J., and ORR, Special Justice, concur.

RILEY, PHELPS, GIBSON, and HURST, JJ., dissent.

GIBSON, J. (dissenting). After further consideration of this case on rehearing, I have come to the conclusion that the judgment rendered by the district court of Pontotoc county in 1932, in the former action between these parties, has resulted in an effective bar to the present action for division of property and alimony. That judgment and the subsequent acts of the plaintiff in accepting the fruits thereof have, as asserted by defendant, worked an estoppel against plaintiff to seek further property or support from the defendant.

The former action was commenced under authority of section 678, O. S. 1931, and was for alimony, or separate maintenance, only. No divorce was sought by either party, and no division of property specifically prayed for in the pleading. Said section reads as follows:

"The wife or husband may obtain alimony from the other without a divorce, in an action brought for that purpose in the district court, for any of the causes for which a divorce may be granted. Either may make the same defense to such action as he might to an action for divorce, and may, for sufficient cause, obtain a divorce from the other in such action."

However, the court, after hearing considerable evidence as shown by the record here, entered its decree wherein it proceeded to divide certain of the property of defendant with the plaintiff, and purported to make the judgment final and binding as to all present and future demands of plaintiff upon defendant for property or alimony. Defendant complied with the decree by executing an assignment of the personal property to the plaintiff, and plaintiff accepted same.

That the judgment was intended by the

court to be res adjudicata as to all questions of alimony and property division is made clear by the following provisions thereof:

"The same shall be in full settlement and satisfaction of all claim or claims that the said Elizabeth Harden may have upon her husband, Andrew J. Harden, for support and maintenance, * * * up to and including the entry of this judgment, and the same shall also be a full and complete settlement of any and all claims for maintenance, support, alimony or otherwise that the said Elizabeth Harden may have or claim against her husband, Andrew J. Harden, on and after the entry of this judgment for future support, maintenance, alimony. * * * That the said Elizabeth Harden be and she is hereby forever barred and enjoined from making any future claim or claims against the said Andrew J. Harden for support, maintenance, alimony or otherwise. * * *"

I am mindful that this court has held on a number of occasions that a judgment rendered in an action for alimony alone commenced under section 678, supra, is no bar to a claim for alimony or division of property in subsequent action for divorce. Lewis v. Lewis, 39 Okla. 407, 135 P. 397; Doggett v. Doggett, 85 Okla. 90, 203 P. 223; Williams v. Williams, 103 Okla. 194, 229 P. 797; Willbrook v. Worten, 137 Okla. 148, 278 P. 388; Anderson v. Anderson, 140 Okla. 168, 282 P. 335. An examination of those cases, however, discloses that the judgments rendered there are in no wise like the judgment considered here.

In Anderson v. Anderson, supra, we find in the opinion the following statement by the court:

"Under our law there is no provision for transfer of the property of the husband in an action for alimony without divorce. For that reason the judgment, in so far as it may be construed to be a division of property, is coram non judice and void."

An examination of that case reveals that this question was not before this court for determination. The question there presented and decided was one of jurisdiction of the Oklahoma court over a nonresident husband in an action by the wife for alimony without divorce under said section 678.

I cannot agree that the property of one spouse may not be transferred to the other in such case. Said section provides that either party may be awarded alimony from the other without divorce in an action brought for that purpose. Section 672, O. S. 1931, clearly defines alimony as real or personal property, or both, or money, payable in gross or in installments. Section 678 contemplates no specific kind of alimony nor how it shall be paid. It may be specific real or personal property or cash. A decree awarding alimony without the power in the court to order transfer of property in satisfaction thereof would be rendered impotent and of no effect.

In the former action between the present parties the plaintiff sought to recover "out of the moneys and property of defendant a sufficient amount for her maintenance," and costs and attorney fees. All the property of defendant was brought to the attention of the court, and after hearing the evidence and the expressed desires of the parties, the court proceeded to render a decree for permanent alimony in the nature of a division of defendant's property between the parties; and said decree purported to be a final adjudication of the rights, growing out of the marital relations, of the plaintiff in and to all the property then owned or thereafter to be acquired by defendant.

Plaintiff says the decree, so far as it attempts to make a division of property and provide for permanent instead of temporary alimony, is beyond the issues and void. Anderson v. Anderson, supra. Even conceding that to be true, plaintiff, having taken the benefits of the judgment, cannot now assail it.

It is true that actions for alimony alone do not contemplate a termination of the marriage vows, but a continuation thereof, and the decree is temporary and its operation may be terminated at any time by reconciliation, or by the ordinary discharge of duty by the offending party. Williams v. Williams, supra. Ordinarily, after such decree the duty remains upon the husband to support the wife unless she remains away without just cause. Id.

The foregoing does not mean that the court in such case is without power to make final disposition of the alimony and property rights of the parties where the action of the court is within the scope of the relief sought by the parties. There is neither law nor rule of public policy to prohibit a wife or husband from seeking such final adjudication without also asking for a divorce. In fact, a court may deny a divorce to both parties and allow the marriage contract to stand, yet make final adjudication of their alimony and property rights. Section 669, O. S. 1931; Privett v. Privett, 93

Okla. 171, 220 P. 348. Under the last-named section, the court when denying a divorce by reason of the equal wrong of the parties, "may for good cause shown make such order as may be proper for * * * the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

When considering the foregoing statute in the Privett Case, above, this court held as follows:

"Where, in an action by a husband against the wife to obtain a divorce and a division of property accumulated during the marriage, and such divorce is refused, the court has jurisdiction under the provisions of section 505, Compiled Laws of 1921, to make such order as may be proper for the equitable division of the property then owned by them, taking into consideration the time and manner of its acquisition, and when such order is made it is final as between the parties."

Section 669 contemplates a final adjudication of the property and alimony rights of the parties arising out of the marriage contract. According to the decision in the Privett Case the court may render such decree, and the same becomes final and binding upon the parties. While section 678 contemplates merely temporary alimony or maintenance, there is no legal reason why the parties without seeking divorce may not submit themselves to the court and upon proper showing obtain final adjudication of their property and alimony rights, especially in cases where it is made to appear that they intend to live wholly separate and apart. The mere fact that the marriage contract is allowed to remain intact constitutes no real reason why the judgment may not be final and res adjudicata of all other questions. The marriage contract remains undisturbed where divorce is denied under section 669, yet the court may make final adjudication of all property rights. Privett Case, above.

Although the wife's action may purport to seek relief under section 678, she is not precluded from seeking final adjudication of all matters between the parties merely because no divorce is prayed for by either party. Under that section either may have sought divorce, and in event divorce had been denied by reason of the equal wrong of the parties, the court for good cause shown (sec. 669) could have adjudicated all the affairs of the parties except the matter of divorce alone (Privett v. Privett, supra).

In comparing these two sections, if divorce is sought, it may be denied under section 669 and full adjudication had of all matters except divorce; under section 678 the party may seek temporary alimony alone or full adjudication of all matters, including divorce. Under either section, if no divorce be granted, the court may adjudicate all other matters upon good cause being shown. Section 678 permits a suit for alimony alone without divorce, and the alimony sought may be in the form of temporary maintenance, and a decree for that alone is not res adjudicata of property and alimony rights in a subsequent action for divorce.

However, where the petition alleges grounds for divorce as provided in section 678, and the prayer, as in the former case here, asks for a sufficient amount out of the moneys and property of defendant for the maintenance of the plaintiff, the court upon such allegations and "for good cause shown" by the parties, may make final adjudication of their property and alimony rights although no divorce is sought. In such case the judgment, when attacked collaterally, may not be said to be beyond the issues and void merely because no divorce was sought or because the pleadings failed to make specific demand for a division of property or permanent alimony.

Here, in the former action, the prayer was for "maintenance." That merely means alimony, and, as we have stated above, alimony may be money or specific property. The former petition sought alimony, and we are to presume on collateral attack of the judgment there rendered that the court made final disposition of the question only after good cause shown.

The record here discloses that such judgment was wholly satisfactory to the parties and was allowed to become final. The plaintiff accepted all the property therein decreed to her without objection. The judgment is valid upon the face of the record, and we will not examine further into those proceedings on this appeal to ascertain whether the court abused its discretion or erred in the face of the evidence there produced.

Plaintiff fully acquiesced in and accepted the fruits of the former judgment which she

obtained at her own suit. She procured a judicial division of defendant's property, accepted same and continued to live wholly separate and apart from defendant. The judgment was clear and unambiguous as to the purport and effect thereof. It was a division of property for all time and a perpetual bar to further claim against defendant. Though the judgment in this respect may have been beyond the issues and void (which I do not admit), under the general rule obtaining in the majority of jurisdictions the plaintiff now would be estopped. 34 C. J. 510, sec. 814. That section, so far as pertinent, reads as follows:

"There are some cases holding that a void judgment cannot be made valid by ratification, waiver, or estoppel; but the generally accepted doctrine is that the party who would have a right to avoid the judgment may give it validity by his acceptance and ratification of it, or be estopped by his conduct to impeach its validity. And this he does by accepting or sharing in the fruits or benefits of the judgment."

(The rule is also stated in 15 R. C. L. 651.) One who obtains a judgment and accepts the fruits of the same is estopped to assert its invalidity. Freeman, Judgments (5th Ed.) vol. 3, p. 2962.

Mrs. Harden having procured the judgment, and having accepted and retained the benefits thereof, even if such judgment be void, by her acquiescence she is now estopped from assailing it or denying its validity. Denver City Irrigation, etc., Co. v. Middaugh, 12 Colo. 434, 21 P. 565, 13 A. S. R. 234; Arthur v. Israel, 15 Colo. 147, 25 P. 81, 22 A. S. R. 381; Julier v. Julier, 62 Ohio St. 90, 56 N. E. 661, 78 A. S. R. 697; Baily v. Baily, 44 Pa. St. 274, 84 Am. Dec. 439; Todd v. Moore, 205 Ala. 451, 88 So. 447; Handley v. Jackson, 31 Ore. 552, 50 P. 915, 65 A. S. R. 839.

In Carson v. Carson, 141 Okla. 106, 283 P. 1015, we held, in the second syllabus:

"Where a party files a verified petition for a divorce and alimony in the district court of a certain county in which she sets forth jurisdictional facts as to residence, and thereafter procures a decree thereunder, and accepts the benefits thereof, she will be estopped from thereafter challenging the jurisdiction of the court rendering the decree on the ground that she was not a resident of such county at the time of the filing of the petition and rendition of the decree."

In this case decisions from other jurisdictions supporting the rule are cited and discussed. See, also, Dale v. Carson, 141 Okla. 105, 283 P. 1017.

The change in Mr. Harden's condition from extreme poverty to great wealth would, of course, not change the rule. Gould v. Sternberg, 128 Ill. 510, 21 N. E. 628, 15 A. S. R. 138.

The rule should be applied here and the trial court's judgment for alimony should be reversed. But if that be not done, the amount of the alimony award should be materially reduced. In the circumstances, the sum of $300,000, in my opinion, constitutes an exorbitant and indefensible award of alimony.

It has been determined that the plaintiff is entitled only to alimony. The purpose of alimony, temporary or permanent, is support and maintenance, and is based upon the common law obligation of the husband to support his wife. 19 C. J. 202, 203. For measuring the award of permanent alimony to be awarded a number of elements are to be considered, such as duration of the marriage, the social status of the parties, the ability and financial responsibility of the husband, the actual needs of the wife, her loss occasioned by reason of her relinquishment of a present enjoyment of her husband's property, her age, health, and life expectancy, and her own ability to earn. The amount should be amply sufficient to maintain the wife in accordance with her mode of living in her present social position, or one to which she is suited, or one she might in reason be expected to assume.

On the other hand, the purpose of alimony is not to establish in the wife a separate estate over and above the amount adequate for her own support as measured by the elements to be considered. Property may be awarded for alimony, but the basic principle involved in such case is money value and not the creation of a surplus estate, that is, money value for the express purpose of defrayment of the expense of maintenance.

The award in the instant case as approved by the majority opinion would accomplish an end for which permanent alimony was never designed, the creation of a surplus estate in the wife. The plaintiff is 70 years of age, or past. Her social horizon had at all times been confined to that of the average person. It is true, if she were now living with her husband she would likely be entitled to live in a manner befitting the

wife of a millionaire. But it is certain that by prudent living, and without wanton waste, she can never expend to proper advantage the sum of $300,000 during the remainder of her life. The result is obvious: undue extravagance or a surplus estate. I have never understood the policy of the law to be such, especially in absence of legislative provision.

The majority opinion has adopted what appears to me an element new in this jurisdiction to be considered when awarding alimony, the probable loss of the wife as a potential heir to her husband's estate. In support of the pronouncement the court refers to 19 C. J. 257; Dresser v. Dresser, 164 Okla. 94, 22 P.2d 1012; Wheeler v. Wheeler, 167 Okla. 598, 32 P.2d 305; Wiggin v. Buzzell, 58 N. H. 329.

The Dresser Case recognizes the aforesaid element as applying only in jurisdictions where the wife has a statutory right of dower. That right does not exist here. I cannot agree that the Wheeler Case supports the doctrine. That case dealt wholly with the question of division of property. The text of Wiggin v. Buzzell, supra, would seem to support the view of the majority opinion, but it refers only to New Hampshire decisions for support. In addition to the Wiggin Case, above, it cites Gleason v. Emerson, 51 N. H. 405. According to that case the rule grew out of the supposition of the courts that a divorce ipso facto bars dower. The reason for the rule does not exist in this state. Therefore, the element should receive no consideration in determining the amount to be awarded as alimony. Even if that element may be properly considered, it does not follow that the court may distribute to the wife, as a forced heir, a sum equivalent proximately to the maximum amount she would receive as such heir, free from expenses and costs of administration, taxes and other legal charges. Certainly it is not the policy of the law, in circumstances such as here, to better the position of plaintiff because the marriage relationship has been terminated by divorce and not by death.

Courts should be just before being generous. The effect of the majority opinion is to create an estate for plaintiff in a sum so far in excess of her needs that, in my opinion, it cannot be sustained in reason.

I, therefore, dissent.

I am authorized to announce that RILEY, PHELPS, and HURST, JJ., concur herein.