Marie **WEAVER**, Appellee,

v.

Eugene A. **WEAVER**, Appellant.

No. 46898.

Court of Appeals of Oklahoma, Division No. 2.

April 15, 1975.

Certiorari Denied Jan. 13, 1976.

Released By Order of Court of Appeals Jan. 15, 1976.

Philip Warren Redwine, Norman, and Thomas G. Smith and John Mantooth, Purcell, for appellee.

William O. Fields, Norman, for appellant.

BACON, Judge.

The parties to this appeal were married May 23, 1953, and lived as husband and wife until May 9, 1966, when the parties desired a divorce while residing in the state of Virginia. At that time, because the state of Virginia required a two-year separation prior to granting a no-fault divorce, the parties entered into a separation agreement. Under the terms of the agreement appellee in effect received all assets of the parties including the home, fixtures and all other properties of the parties, in addition to $270 per month for the support of the parties' two minor children. The parties never again lived together as husband and wife after the separation agreement.

Appellant, a civilian government employee involved in national security, went to Asia and ultimately was transferred to Saigon, South Viet Nam. On January 31, 1968, appellant was captured by the North Vietnamese and remained a prisoner of war for five years and two months until March 16, 1973, when he was released with other American prisoners from Hanoi.

When the parties married appellee held a Bachelors Degree in Nursing and subsequently while appellant was a POW appellee moved to Norman, Oklahoma; obtained a Masters Degree in Science and Nursing, and was earning $13,000 per year at time of trial. In addition she was receiving $3,420 per year rental income from the home in Virginia. Appellee also purchased another home in Norman. At the time of trial the equity in the Virginia home had increased to in excess of $30,000 and appellee's equity in the Norman home was in excess of $2,000. Appellee also had several vehicles and $2,100 in savings. During appellant's imprisonment the U.S. Government paid appellee $33,515.76 (more than double the amount agreed upon in the separation agreement) out of appellant's earnings for support in addition to numerous other sums of money for moving, cars, household furniture, etc.

During appellant's imprisonment his POW savings had accumulated to $80.915.-52.

After appellant's return to the United States appellee filed the present action for divorce in Oklahoma. The trial court awarded both parties a divorce for incompatibility. To appellee went all property, real and personal and $23,600 "alimony" out of appellant's POW fund. Appellant was given his personal effects and the balance of his POW fund.

Appellant appeals from this judgment and appellee cross-appeals asserting the trial court erred in not allowing appellee

attorney's fees over and above the $300 temporary fees and costs awarded by the trial court. Appellant's primary complaint is the awarding of $23,600 "alimony" out of appellant's POW fund.

■ The trial court in a divorce where parties are in equal wrong, has wide discretionary powers and is limited only by 12 O.S.1971 §§ 1275 & 1278.[1] Thus the trial court's discretion is limited to making an equitable and just division "having due regard to the time and manner of acquiring such property."

■ In the present case we find no journal entry or order but only a "Memorandum Opinion."[2] In that opinion the

---

1. 12 O.S.1971 § 1275:

"That the parties appear to be in equal wrong shall not be a basis for refusing to grant a divorce, but if a divorce is granted in such circumstances, it shall be granted to both parties. In any such case or where the court grants alimony without a divorce or in any case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."·

12 O.S.1971 § 1278:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as to the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. In case of a finding by the court, that such divorce should be granted on account of the fault or aggression of the wife, the court may set apart to the husband and for the support of the children, issue of the marriage, such portion of the wife's separate estate as may be proper."

2. "MEMORANDUM OPINION

"The facts of this case are unique—defendant had been in security work for the federal government for a number of years. Plaintiff worked during most of their marriage with time off to bear two children and was of service to defendant in his employment on several of his duty assignments. Nevertheless he first asked for a divorce while the parties were in Bangkok in 1960; then he decided in 1966 he wanted a divorce, so advised his wife, and an attorney was consulted who drew an agreement giving plaintiff substantially all of their property and providing for a two year separation as was required under Virginia law before a no fault divorce could be granted. Soon thereafter, defendant took an assignment to Japan which lead him to Viet Nam where he was taken prisoner by the North Vietnamese on January 31, 1968. He remained a P.O.W. until March 16, 1973.

"While the amount of child support is disputed, the real controversy in this case surrounds plaintiff's claim for division of the substantial salary fund that accumulated to his account while defendant was a prisoner of war. Plaintiff contends that the property should be redivided as the Court finds it now. Defendant contends that the property was divided by agreement in contemplation of divorce in 1966, and that what she has accumulated since is hers, and what he accumulated is his.

"The contention of the defendant is much more reasonable and logical than that of plaintiff, particularly when one reviews the fact had defendant been killed instead of captured, there would have been nothing for plaintiff to seek to divide. It would seem equitable that if she had no claim when he became a P.O.W. (admittedly because of no salary accumulation), why should she have one later? It would seem he paid an unfairly high price for the estate of which she now wants half.

"On the other hand, their marriage existed until it was dissolved. As marriage partners, each has a right to claim a share of the joint or several accumulation of property during their marriage. This is true in Oklahoma even had their separation taken the further formal step of separate maintenance, and the Court by decree divided their property as they did by their agreement. Had one or the other

1308

trial court states appellant's contention "is much more reasonable and logical" than appellee's. That is, appellant contends the property was divided by agreement in 1966 and what each party has accumulated since is his or her own. Yet the trial court concludes that simply because the "marriage existed until it was dissolved" each party "has a right to claim a share of the joint or several accumulation of property during their marriage." We do not agree, however, that because the marriage of the separated couple had not been formally dissolved all property accumulated following the separation is to be treated as jointly acquired property or subject to claim by both parties. We think that for the trial court to so conclude and then "divide" the property was an abuse of discretion in view of §§ 1275 & 1278, supra.

The primary error involved in the property division was in considering the POW funds as jointly acquired property. We think clearly it was not "jointly acquired" property, especially when "having due regard to the time and manner" in which it was acquired, as required by §§ 1275 & 1278. We think this case is closely akin to *Harden v. Harden,* 182 Okl. 364, 77 P.2d

721 (1938) wherein the wife and husband separated, living separate and apart until their divorce. In *Harden,* after the separation, the husband acquired certain properties which during the divorce the wife claimed as jointly acquired property. The Oklahoma Supreme Court in denying the wife's contention said:

"And as to the purchase of the eighty acres by the defendant [husband] after plaintiff [wife] had moved away, there is no circumstance justifying the conclusion that it was in any sense acquired by the joint industry of the parties, or jointly acquired by the parties. The plaintiff likewise had an allotment of land, and after she moved away from the defendant in 1914 she handled her affairs and her property separately, and the defendant handled his affairs and property separately. The parties never lived together after defendant acquired this eighty acres. . . . We therefore conclude that the property involved could not necessarily be said to have been jointly acquired within the meaning of the statute." [§ 672 O.S.1931 now 12 O.S.1971 § 1278]

party come back in and asked for divorce, the Court would have to redivide the property as it found it at this time.

"The Court concludes that the separation agreement under Oklahoma law can at most amount to the equivalent of a separate maintenance decree, and the contention of the plaintiff is sustained, the contention of the defendant overruled, exceptions allowed.

"The Court finds both sons of this marriage are over eighteen years of age, and are free to decide where and with whom they choose to live. Pursuant to the agreement of defendant to contribute to the higher education of his sons, it is Ordered he pay, so long as either is engaged in the full-time pursuit of higher education, and until they reach the age of twenty-one years, the sum of $250.00 per month to the order of each child for his support and maintenance.

"Plaintiff is awarded all of the personalty and chattels given her by the 1966 separation agreement, or since accumulated, subject to any indebtedness thereon. Defendant is likewise entitled to all his personalty, subject to any indebtedness thereon.

"In final division of their other property rights, the Court finds as follows:

| | |
|---|---|
| Equity in Arlington, Virginia property | $ 30,000.00 |
| Plaintiff's savings, credit union and checking account | 2,100.00 |
| Equity in Norman, Oklahoma residence | 2,000.00 |
| Defendant's P.O.W. savings | 80,915.52 |
| Total divisible assets | $115,015.52 |

"In final disposition of all property rights between the parties, the Court finds the Virginia and Oklahoma realty, her savings and alimony of $23,600.00, payable instanter to plaintiff. The defendant is awarded the balance of his P.O.W. savings free and clear of any claim by plaintiff.

"It is further Ordered that each party pay his own costs and attorney fees, except as previously Ordered, and that a Journal Entry be drawn accordingly dated this 4th day of September, 1973.

"s/ Elvin J. Brown
Judge"

In the present case appellant and appellee separated, lived apart from that point on and handled their affairs and property separately. Having due regard for the "time and manner" in which appellant acquired this POW fund we find "no circumstance justifying the conclusion that it was in any sense acquired by the joint industry of the parties, or jointly acquired by the parties." *Harden v. Harden,* supra. Once the POW fund is recognized as appellant's separate property, it becomes manifest that the trial court did not equitably divide the jointly acquired property, but gave *all* of it to appellee!

Nor did the court's attempt to disguise the POW fund award by labeling it "alimony" alter its essential character as a division of property. Moreover no evidentiary justification for alimony exists in this case. Alimony is for support and some evidence should be offered showing a need for support. Here the evidence shows just the opposite; that is, appellee owns two homes, furniture, several vehicles, has money in savings, a checking account, and is earning in excess of $13,000 a year. The children of the parties are no longer minors and were not at the time of trial. Additionally appellee has received some $16,000 plus out of appellant's funds during his imprisonment over and above the $270 per month child support. Appellee also increased her education at the expense of appellant and the U.S. Government during the time appellant was a POW. Appellee also received numerous other benefits during this time at the expense of appellant, the U.S. Government and the American taxpaying public. Appellee has clearly received much more than she expected when she signed the separation agreement in 1966 in which we note appellee agreed to waive any right to alimony or claims on property appellant thereafter acquired.[3] We find under the circumstances of this case that awarding appellee all jointly acquired property plus $23,600 out of appellant's POW fund was not "equitable and just" as required by §§ 1275 & 1278, supra, and therefore an abuse of discretion.

Appellant does not complain about the trial court awarding appellee all the jointly acquired property but only the award out of the POW fund. We therefore will not disturb the "judgment" entered by the trial court except as to the awarding of $23,600 to appellee and that portion of the judgment is reversed.

We have carefully examined the record and find nothing which would indicate the trial court abused its discretion in denying appellee additional attorney's fees, and affirm the judgment in that regard.

The cause is reversed and remanded to the trial court with instruction to enter judgment in accordance with the views expressed herein.

BRIGHTMIRE, J., concurs.

NEPTUNE, P. J., dissents.

3. In part this agreement states:
"6. The Wife, being employed, waives any right to alimony or support payments for herself.

. . . . .

"13. The Wife hereby waives, releases and relinquishes and bars herself of all right, title and interest or estate, including the right to or claim in any dower, or statutory allowance, in and to any and all real property and any and all legal right, title and interest in and to any and all personal property which the Husband may now have or may hereafter acquire, subject to paragraphs 4 and 7 above."