Kimberly FORRISTALL,
Appellant/Counter–
Appellee,

v.

Ronald Dale FORRISTALL,
Appellee/Counter–
Appellant.

No. 77045.

Court of Appeals of Oklahoma,
Division No. 1.

May 26, 1992.

D.D. Hayes, Bonds, Matthews, Bonds & Hayes, Muskogee, for appellant/counter-appellee.

Tim Baker, Baker & Baker, Tahlequah, for appellee/counter-appellant.

## MEMORANDUM OPINION

ADAMS, Judge:

Appellant/Counter–Appellee (Wife) argues the trial court set support alimony too low and claims she was entitled to "restitutionary alimony", citing *Hubbard v. Hubbard,* 603 P.2d 747 (Okla.1979). Wife also argues the trial court should have included income earned by Appellee/Counter–Appellant (Husband) after the parties' separation but before trial and excluded Husband's student loans in calculating the net marital estate. In addition, Wife urges reconsideration of *Hubbard* insofar as that decision bars a property award based on the future earning capacity of one spouse arising from the acquisition of a professional license or graduate degree during the course of the marriage. In his counter appeal, Husband argues the trial court erred in ordering him to pay part of Wife's attorney fee.

The parties were married in August, 1980. At that point, Husband had completed three years of college and was admitted to medical school. Wife was in the work force. Husband completed his medical degree and residency in orthopedic surgery during the marriage. With the exception of two short periods, Wife worked throughout the marriage. Husband began his medical practice in July, 1989. The parties separated in June, 1990.

The trial court granted both parties a divorce on the ground of incompatibility. The trial court awarded Wife support alimony of $12,000 payable over twenty-four months and assets valued at $85,505. Husband was awarded assets the trial court valued at $234,509 but was awarded $149,004 in debts, leaving him net assets valued at $85,505. Custody of the parties' daughter and the amount of child support set by the trial court are not at issue in this appeal.

■ Our analysis begins with the settled rule that an action for divorce, support alimony and division of marital property is one of equitable cognizance and the trial court's judgment will not be disturbed on appeal unless found to be clearly contrary to the weight of the evidence and an abuse of discretion. *Carpenter v. Carpenter,* 657 P.2d 646 (Okla.1983). Applying that standard, we must review the record for any abuse of discretion and determine if the findings of the trial court are supported by the evidence.

### Property Division

■ Wife claims the property division is unfair because the trial court considered a Physician's Manpower Training Commission loan used to finance Husband's medical education in calculating the net marital estate. According to the evidence, this loan is "forgiven" if Husband practices for a set period of time in Cherokee County. Contrary to Wife's assertions, there is nothing illusory about the Manpower loan.

She is a co-signer on that loan, and both she and Husband could be called upon to pay it should Husband not perform according to its provisions. The fact the debt may be repaid other than in cash does not make it any less a marital debt properly considered in calculating the marital estate.

■ Wife also claims the trial court should not have included Husband's other student loans in the marital estate. She characterizes the student loans as Husband's separate debts. This argument ignores the evidence Husband's medical education was a joint goal of the parties during the marriage and is inconsistent with Wife's view that she contributed to and should benefit from Husband's education. Husband also testified portions of these loans were used for the general support of the family during his studies. The trial court did not abuse its discretion by considering the Manpower loan and Husband's other student loans when dividing the marital property. This portion of the trial court order will not be disturbed.

■ Wife asks us to reconsider *Hubbard* and find she is entitled to a part of Husband's future earnings because his earning skills were a product of joint effort and sacrifice. She argues his medical degree is an asset of the marriage and its value, as reflected in future earnings, should be divided. We are not at liberty to reconsider this approach since it was addressed and rejected by the Oklahoma Supreme Court in *Hubbard*. Oklahoma does not recognize an educational degree as property subject to division in a marital dissolution proceeding. *Silverstein v. Silverstein*, 748 P.2d 1004 (Okla.App.1987).

■ Relying on *Hubbard*, Wife next argues the trial court erred in failing to award her "restitutionary alimony". Wife claims Husband will be unjustly enriched because she made sacrifices toward a goal of the family, Husband's education, but will not reap the benefit of her investment. In *Hubbard*, the Oklahoma Supreme Court recognized a spouse's right to property alimony as compensation for that spouse's investment in the other spouse obtaining a professional degree and license. When divorce occurs at the threshold of the professional's career, preventing the other spouse from enjoying any benefit from the investment, the Court concluded equity required an alimony award to prevent unjust enrichment to the professional spouse. Otherwise, the professional spouse would reap all of the benefits of an investment made by both parties.

Wife presented evidence, including tax returns, of the support she contributed during the four years Husband attended medical school, and she asked for a return on this sum. Husband claimed Wife should not receive restitutionary alimony because he contributed more to the family's support during his medical school education than she did. However, Husband calculated his contribution by adding his earned income to the portions of his student loans used for the family's support. He also gave himself credit towards the family's support equal to the fair market value of a house his father owned which the family occupied during this period. He and his father testified the rent charged was less than the house's fair market rental value.[1]

Although Husband argues the student loans were his separate support of the family he claims those loans are marital debts included in the property division. As such, half of the student loans should be credited to each party when attributing support of the family. In addition, the record contains no evidence indicating the support from Husband's father was intended as a gift only to Husband. Rather, the evidence establishes the gift was to assist in the parties pursuit of a joint goal, Husband's medical degree. Such support should be credited equally to both parties. Since each party would be attributed one-half of the family support resulting from the student loans and rental discount, those amounts have no effect on the relative contribution of the parties to family sup-

---

**1.** Husband calculates the value of the house at $6000 per calendar year for three years and $3000 for the last year of medical school. He neglects to deduct from this amount the $7,521.35 in rent his evidence shows was actually paid.

port. The clear weight of the evidence establishes that Wife contributed almost twice as much as Husband to family support during the period for which she sought restitution.[2]

Under the circumstances presented by the clear weight of the evidence in this record, *Hubbard* mandates an alimony award to Wife. The trial court made no provision for such an award in the property division, and therefore abused its discretion. The trial court order is reversed to the extent it fails to provide for restitutionary alimony, and the matter is remanded for entry of an order for a cash award in lieu of property applying the factors adopted in *Hubbard* and giving Wife a fair return on her investment.

 Wife claims additional error in the exclusion from the marital estate of profits from Husband's medical practice earned between the time of separation and trial. Although property acquired during coverture is generally martial property, it is possible for one spouse to acquire separate property during marriage. See, e.g. *Harden v. Harden*, 182 Okl. 364, 77 P.2d 721 (1938); *Agent v. Agent*, 604 P.2d 862 (Okla.App.1979). On this record, the trial court did not abuse its discretion in excluding the sums earned by Husband subsequent to the separation of the parties. *Weaver v. Weaver*, 545 P.2d 1305 (Okla.App.1975).

## Support Alimony

 Wife requests more support alimony and argues Husband has sufficient resources to pay it. Ability to pay is not the sole criterion for an award of alimony. Support alimony must be based on several factors, including demonstrated need during the post-matrimonial economic readjustment period. *Johnson v. Johnson*, 674 P.2d 539 (Okla.1983).

 Wife wants Husband to pay support alimony sufficient to allow her to return to

school. Prior to marriage she had earned 70 college credits. She testified she wants to complete her undergraduate education and obtain an M.B.A. Wife claims Husband agreed, prior to the divorce proceedings, that she could go back to school once he established his medical practice. Husband did not dispute this, testifying he encouraged Wife to return to college when they moved to Tahlequah to start his medical practice.

At the time of the divorce hearing, Wife was enrolled part time in college. She presented evidence she could achieve her educational goals in four years and that, at the then current rates, it would cost nearly $60,000. Although Husband questioned Wife's figures on cross-examination, he presented no other evidence of the cost for Wife's education. Although the exact amount of reasonable educational expenses was in dispute, the evidence clearly establishes Wife's entitlement under these circumstances to sufficient support alimony to allow her to complete her educational plan. The trial court's award is insufficient for that purpose.

On this record, Wife has presented evidence of the Husband's ability to pay, of her need for support and of the amount necessary for a four year period of economic readjustment. The trial court erred in setting support alimony at $12,000, and that award is reversed. On remand the trial court is directed to set support alimony in an amount which will allow Wife to pursue her educational objectives and which takes into account the resources available to Wife.

## Attorney Fees

 Husband argues the trial court erred in ordering him to pay $8,200 of the $12,449 attorney fee incurred by Wife. He claims Wife was awarded sufficient assets to pay her own attorney fee. The trial court was cognizant of the assets awarded

---

**2.** The uncontroverted evidence demonstrates Wife contributed earnings of $51,465 during medical school. During the same period Husband contributed his earnings of $29,005, which includes income of $8,000 which Husband claimed but could not document. Of course these figures do not account for non-monetary contributions by either party to the family during this period.

Wife when it conducted the hearing on the extent and reasonableness of the fees she claimed. This record does not show the trial court failed to consider the circumstances of the case or abused its discretion. *Carpenter v. Carpenter*, 657 P.2d at 653. The trial court is vested with wide discretion in setting an award for attorney fees. *McCoy v. McCoy*, 429 P.2d 999 (Okla.1967). The award of attorney fees to Wife is affirmed.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

GARRETT, P.J., and BAILEY, J., concur.