**Carol A. FORD, Appellant/Counter–Appellee,**

v.

**Michael R. FORD, Appellee/Counter–Appellant.**

**No. 77573.**

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 6, 1992.

Arnold D. Fagin, Michael L. Mullins, R. Amanda McInnis–Nixon, Oklahoma City, for appellant/counter-appellee.

Phillip F. Horning, Oklahoma City, for appellee/counter-appellant.

## MEMORANDUM OPINION

JONES, Judge:

Carol A. Ford, Plaintiff in the action below, appeals the trial court's denial of her Motion for New Trial. Appellee counter appeals on the issues of custody, visitation, child support, support alimony, and attorney fees and costs.

The parties were married on June 17, 1972, two years after Appellee obtained his law degree. Two children were born of the marriage. Appellant filed for divorce on May 18, 1990. After a four day trial, the trial court entered its order on March 18, 1991, granting the divorce. The court equally divided jointly acquired property, and awarded sole custody of the children and attorney fees to Appellant. The trial court denied Appellant's subsequent Motion for New Trial.

Appellant adequately preserved all of her propositions of error in her Motion for New Trial: (1) whether the trial court abused its discretion in valuing the Appellee's interest in his professional corporation at $26,-253.00; (2) whether the trial court abused its discretion by allowing the Appellee to share in all major decisions pertaining to the education and medical care of the minor children after granting sole custody to Appellant; (3) whether the trial court abused its discretion by awarding inadequate child support not consistent with Appellee's income; (4) whether the trial court abused its discretion by misvaluing certain marital assets; and, (5) whether the support alimony award was inadequate.

## I

## VALUATION OF PROPERTY

In her first proposition of error, Appellant cites numerous cases from other jurisdictions to establish that goodwill is divisible property in a divorce proceeding. Oklahoma does not take that position. In recognition of the split on this issue, the Court in *Travis v. Travis*, 795 P.2d 96 (Okl.1990), cites a large number of conflicting holdings. However, the Oklahoma Court stands with those courts holding that a law practitioner's goodwill has no value for the purpose of marital property division. We follow the holding in *Travis*.

In an effort to distinguish *Travis*, Appellant attempts to create a distinction between the value of goodwill in a sole proprietorship and that of an old line, very successful and reputable law corporation. However, the distinction outlined in *Prahinski v. Prahinski*, 75 Md.App. 113, 540 A.2d 833 (1988), relates to the value of goodwill to the firm itself and not to the individual attorney. Appellant correctly argues that even if Appellee dies, retires or terminates his association with the professional corporation, clients will continue to do business with the *corporation.* Appellant has actually made an effective argument against valuing goodwill as a divisible asset in a marriage dissolution proceeding because any goodwill would stay with the law firm instead of following Appellee. It is apparent, then, that such intangibles have no intrinsic value but relate only to the ownership and possession of tangible assets. *Dugan v. Dugan*, 92 N.J. 423, 457 A.2d 1 (1983). Therefore, it would be ineq-

uitable to force Appellee to pay Appellant in tangible dollars for an intangible benefit, one which he would automatically lose upon departure from the firm. Because a lawyer's interest in a large, old line law practice cannot be bought and sold as can other professional practices, the valuation of goodwill is far too speculative for the purpose of dividing property in the marital estate. *Travis* at 100. The trial court did not abuse its discretion by not accounting for goodwill in valuing the Appellant's partnership interest in the law practice.

■ As part of her first proposition of error, Appellant also objects to the valuation of the Appellee's interest in the law firm's tangible assets. She claims the trial court abused its discretion in basing its award on the firm's Stock Purchase Agreement. Oklahoma follows the holdings in numerous sister jurisdictions which hold that the stockholder's agreement is controlling in a marital property division case.[1] Appellee's equity interest in his law firm cannot be valued in an amount greater than he would realize under the Stock Purchase Agreement if his interest ended. *See McCabe v. McCabe,* 525 Pa. 25, 575 A.2d 87 (1990). According to the Stock Purchase Agreement executed by the shareholders of Appellee's law firm, the purchase price of the shares of the law firm is:

> The amount by which the tangible assets of CORPORATION exceed the liabilities of CORPORATION according to CORPORATION's records, and books of account, with "no allowances to be made for goodwill, tradename, going concern value or any similar intangible asset; provided, however, that for the purposes of this Agreement, cash on hand, cash deposited in any bank or banking institution, and accounts receivable resulting from expenses advanced or incurred by CORPORATION in behalf of clients or other third persons shall be regarded as tangible assets for the purposes of arriv-

ing at book value, but that work in progress and accounts receivable for professional services rendered by CORPORATION shall not be regarded as tangible assets and no allowance shall be made for the same for the purpose of arriving at book value.

At trial, Appellee's expert witness testified that he valued the Appellee's equity interest in the firm at $26,263.07 based on the formula set out in the Stock Purchase Agreement. The trial court's valuation of the property was clearly supported by the evidence and must be left undisturbed. *See Ford v. Ford,* 766 P.2d 950 (Okl.1988); *Johnson v. Johnson,* 674 P.2d 539, 544 (Okl.1983); *Carpenter v. Carpenter,* 657 P.2d 646 (Okl.1983); *Peters v. Peters,* 539 P.2d 26, 27 (Okl.1975); *Williams v. Williams,* 428 P.2d 218 (Okl.1967).

## II

## THE COURT'S CUSTODY ORDER

■ During the trial, Appellee requested joint custody of the children, but the trial court awarded sole custody to Appellant. Both parties appeal this decision. Appellant alleges error because the trial court ordered the parties to share equally any decisions affecting the education, major medical, dental, and surgical need of the children. Appellant claims this ruling is tantamount to an order of joint custody and therefore constitutes an abuse of discretion. Appellee claims the trial court abused its discretion in failing to grant him joint custody or more liberal visitation rights. During the hearing on Appellant's Motion for New Trial, the Court explained its rationale for ordering the Appellee to participate in decisions affecting the children. Because Appellee was ordered to assume sole responsibility for all tuition, fees, books, supplies, provide all uniforms in public or private schooling of the children, all medical and dental insurance, and

---

1. The Oklahoma Supreme Court has recently adopted this position in the case of *Mocnik v. Mocnik,* 63 O.B.J. 2005 (July 11, 1992). At the date of this opinion, mandate in the *Mocnik* case has not yet been issued, but the time for rehearing has passed. According to *Mocnik,* even those courts which allow goodwill to be divided as a marital assets have held the value is to be formulated according to the stockholder's agreement. In the instant case, the stockholder's agreement precludes goodwill.

to pay all non-covered medical, dental and related expenses, "it would be equitable to allow him to have some aspect of decision-making in the incurring of those particular expenses". If Appellant intends to benefit from Appellee's assumption of these major obligations, she must abide by the Court's ruling, even though this arrangement could blur some of the attributes of sole custody. If, as Appellant contends, the court's order is overly burdensome and contrary to the best interests of the children, then any discussion with Appellee to procure payment for any related expenditures would also entail the same burden, and she should have requested the entire order relating to the education and major medical of the custody order be stricken. The Court's granting equal decision-making authority in light of the circumstances was not an abuse of discretion.

The Appellee's claim that he should have been awarded joint custody contains no grounds for reversal. The immense hostility between the parties emerges from the pages of the voluminous trial transcripts and the briefs. If the parties have not been able to cooperate to some extent during this divorce proceeding, it would be highly imaginative to assume that they would now begin to cooperate to the extent necessary to jointly manage the interests of the children. Custody arrangements must be made with the objectives of doing what is in the best interests of the child and to ensure maximum parental contact.[2] The trial court has achieved that goal to the extent possible in this case.

## III

### ADEQUACY OF CHILD SUPPORT

■ Appellant claims the court's award of $1,352.00 per month in child support was inadequate, an abuse of discretion and against the clear weight of the evidence because the trial court found that Appellee's monthly income was $23,941.00. In adopting the Child Support Guidelines 12 O.S.Supp.1988 §§ 1277.7 and 1277.8, the Legislature devised a scheme which took into account both the presumed needs of the children, and the parties' ability to pay. *Archer v. Archer*, 813 P.2d 1059, 1061 (Okl. App.1991). Combined support levels in households with high income should be awarded on a case by case basis. *Id.*

■ In the instant case, Appellee clearly has the ability to pay more child support than $1,352.00. But Appellee contends that he was not only ordered to pay $1,352.00 in cash, but also expenses for private schooling, medical, dental, and insurance premiums for an estimated $2,537.00 per month. We must decide whether the court ordered level of child support will deny the children any benefits which they have enjoyed prior to the divorce. The record does not support this assertion. Appellant argues in her reply brief that the children are attending public school in Arizona rather than private school, making the school expenses unnecessary. However, that situation apparently occurred after the entry of judgment as Appellant does not provide reference to the record. This Court will not review issues not passed upon by the trial court. *Von Stilli v. Young*, 203 Okl. 86, 219 P.2d 224 (1950). The evidence available supports the trial court's award of $1,352.00 in cash plus related expenses for child support.

## IV

### VALUATION OF MARITAL ASSETS

Appellant alleges error due to the trial court's valuation of the parties' 401K plan at the time of the separation rather than at the time of the divorce. She concludes Appellee was allowed to gain the entire benefit in increases in the 401K plan which was jointly acquired property. The issue is whether the trial court properly found joint industry ceased on the date the petition was filed.

■ Appellant cites no relevant Oklahoma authority for her proposition, but relies instead on several out-of-state decisions. The wife in the Oklahoma case of *Forristall v. Forristall*, 831 P.2d 1017

2. 43 O.S.1991 § 112 C.

(Okl.App.1992), alleged error in the exclusion of profits the husband earned from his medical practice between the time of separation and the time of trial. The Court of Appeals upheld the award, stating that it was not an abuse of discretion. The Court cites the Oklahoma cases of *Weaver v. Weaver*, 545 P.2d 1305 (Okl.1976), and *Harden v. Harden*, 182 Okl. 364, 77 P.2d 721 (Okl.1938). Both cases are still good law. The critical fact in *Weaver* was not the length of time the parties were separated prior to the divorce, but that they never again lived together as husband and wife after the separation agreement. *Weaver* at 1306. *Harden* held that where the husband purchased land after the wife moved away, there was no reason to conclude the land was acquired by joint industry. *Manhart v. Manhart*, 725 P.2d 1234 (Okl.1986), provides an exception if the separate property was used and managed by both parties. See *Manhart* at 1240. Such was not the case here. We hold that property acquired after the Petition for divorce is filed is not "joint industry" property, absent some contrary intent manifested by both parties.

## V

### SUPPORT ALIMONY

The trial court awarded Appellant support alimony in the total sum of $73,-500.00 payable at the rate of $2,500.00 per month for three months and $2,000.00 per month for an additional 33 months. Appellant claims this award is clearly against the weight of the evidence, an abuse of discretion, inadequate, and inequitable, especially in light of Appellee's substantial earnings. In awarding alimony, Oklahoma courts do not rely on a fixed percentage or rule by which to measure or determine the amount of alimony or property to be awarded as each case depends on its own facts and circumstances. *Henley v. Henley*, 428 P.2d 258 (Okl.1967). Additionally, ability to pay is not the sole criterion for an award of alimony. *Forristall* at 1020. Support alimony must be based on several factors, including demonstrated need during the post-matrimonial economic readjustment

period. *Id.*, *Johnson v. Johnson*, 674 P.2d 539 (Okl.1983). The trial court in the instant case considered all the circumstances and adeptly formulated a complex award which interwove the property division award, the support alimony award, the child support award and the attorney fees award in an attempt to adjust the equities of the parties. We find that all of these elements combined justify the amount of the alimony award. Such allowance and division will not be disturbed on appeal unless clearly against the weight of the evidence.

In a similar case, the wife in *Archer* complained of the trial court's award of alimony in the amount of $2,531.00 per month to be paid out of the husband's substantial monthly income of $18,500.00. The Supreme Court upheld the award because the wife did not demonstrate the trial court abused its discretion. *Henderson v. Henderson*, 764 P.2d 156 (Okl.1988). Similarly, Appellant in the instant case has not adequately demonstrated an abuse of discretion. We affirm on this issue.

## VI

### ATTORNEY FEES

In his cross appeal, Appellee complains the trial court awarded the Appellant fees and costs while denying his own motion for fees and costs. On granting a divorce in favor of the wife or the husband, or both, the court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper. *Harmon v. Harmon*, 770 P.2d 1 (Okl.1983). As noted, the trial court's well reasoned decision interwove the various awards to adjust the equities of the parties. The record shows the court was cognizant of the assets awarded when it conducted the hearing on fees. This record does not show the trial court failed to consider the circumstances of the case nor did it abuse its discretion. *Forristall* at 1021; *Carpenter v. Carpenter*, 657 P.2d 646, 653 (Okl. 1983). The framework of all the various awards combined justify the award of fees

and costs to the Appellant. The Court's order is affirmed on all the issues.

AFFIRMED.

ADAMS, P.J., not participating.

GARRETT, J., concurs.