444 So.2d 651 (1983)
John B. KINCAIDE
v.
Marie Nettles KINCAIDE.
No. 83 CA 0554.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
*652 Stuart B. Thomson, Baton Rouge, for plaintiff-appellant John B. Kincaide.
Donna Lee, Baton Rouge, for defendant-appellee Marie Nettles Kincaide.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Marie Nettles Kincaide, divorced, former wife of John B. Kincaide, brought the present proceeding against Mr. Kincaide to obtain arrearages in child support payments and other relief. Mr. Kincaide reconvened, seeking a decree of joint custody of their minor child, Thomas Brian Kincaide, presently in the custody of Mrs. Kincaide, and a reduction in child support. The trial court decided solely the issues presented on the reconventional demand filed by Mr. Kincaide, and denied joint custody and refused to reduce child support. Mr. Kincaide appealed. We affirm.
The trial court prepared thorough and legally correct written reasons for judgment, which we annex to this opinion, with the following added observations.
LSA-C.C. art. 157 provides that in cases of separation or divorce, permanent custody of the child shall be granted to the parents in accordance with art. 146. Article 146 C(2) establishes a rebuttal presumption that joint custody is in the best interest of the child, unless the court finds joint custody would not be in the best interest of the child.
Here, the trial court found, as do we, that because of irreconcilable differences between the parents concerning the child's attending a private religious school and other matters, joint custody would not be in the best interest of the child. The determinations of the trial court with regard to the child's best interest and custody of the child should not be overturned unless there is a clear abuse of discretion. Bagents v. Bagents, 419 So.2d 460 (La. 1982); Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). Here, the parents were not able to agree upon a plan for joint custody. The trial court is expected to require the parents to submit a plan of joint custody "unless waived by the court for good cause...." LSA-C.C. art. 146 A(1). In the present case, in view of the obvious inability of the parents to agree upon any matter of importance with respect to the child; the fact that the differences of the parents had had a traumatic effect upon the child, and the clear showing that joint custody would reopen old wounds and not be in the child's best interest, the trial court properly waived the requirement that a plan of joint custody be drawn or adopted.
Similarly, a judgment with regard to child support should not be overturned unless there is a clear abuse of discretion on the part of the trial court. Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir. 1982). Here, we find no abuse of discretion with regard to the refusal of the trial court to reduce child support.
The judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.
*653
 APPENDIX
 JOHN B. KINCAIDE : CIVIL NUMBER 54,913, DIVISION `B'
 VS. : THE FAMILY COURT
 : PARISH OF EAST BATON ROUGE
 MARIE NETTLES KINCAIDE : STATE OF LOUISIANA
 : : : : : : : : : : : : :
 WRITTEN REASONS FOR JUDGMENT
This is a proceeding in which the noncustodial father is seeking a decree of joint custody under the provisions of Article 157 of the Civil Code, and by reference Article 146. The father is seeking, also, a reduction in child support. The court will first consider the issue of joint custody, and then the issue of support.
The court, of course, believes that both parents should be entitled to reasonable access to the child of the former marriage, and that Mr. Kincaide's desire to have an active interest in the child's education and welfare is commendable. The question before the court today; however, is whether or not the presumption has been overcome that joint custody would be in the best interest of the child. The court is of the opinion that insofar as this particular case is concerned, and at this particular time, the presumption in favor of joint custody has been successfully rebutted. There are a number of reasons for that conclusion.
This child has apparently gone through a very traumatic experience in connection with the separation of his parents. It affected his grades, conduct and his schooling. He is now just beginning to reach a stable frame of mind insofar as the separation of his parents is concerned. He is now back in his former family home where he resided before the separation of the parties, in his old neighborhood, with his old friends, and for the first time in several years, he is beginning to show some improvement in his school work. The court is of the opinion that a joint custody award would disrupt the degree of stability which he now has.
Furthermore, joint custody anticipates parties who are able to agree upon certain basic issues concerning the education and other aspects of the rearing of the child. The court's impression is that, at least as to certain issues, Mr. Kincaide would be very intractable; that it would be his way or no way. The record indicates that Mrs. Kincaide may have a similar attitude, and, if so, that makes it even less likely that there could ever be any workable joint custodial plan. This was indicated by the fact that Mr. Kincaide almost admitted that the likelihood would be very slight that they could ever work together under a joint custody agreement. He said the parties cannot agree. When he thinks there is an agreement, things change a hundred and eighty degrees. If that situation continues to exist, it is doubtful that the parties could ever reach a joint custodial agreement. They certainly can't agree at this time on one of the most basic things that is involvedthe education of the child.
The court hopes that this situation will change and that the parties can learn to communicate with each other and interchange ideas about the welfare of the child.
Mr. Kincaide intends to remarry. This would be another situation that the child would have to adapt to and readjust to, and this would be more difficult under a joint custodial arrangement.
Furthermore, at this time, there is some indication that the moral environment to which the child might be exposed while in Mr. Kincaide's physical custody would not be appropriate for the moral upbringing of *654 this child. When Mr. Kincaide does remarry, if he remarries, and if that marriage is found to be a viable marriage in which the child could be brought up under the influence of his father to a greater extent, and the stepmother, a joint custody arrangement might then be considered.
The court concludes that it is premature at this point to grant joint custody because of the adjustments that the parties and the child are having to make. It would not be in the best interest of the child to further traumatize him by requiring him to readjust to a joint custodial arrangement.
With respect to the rule for reduction, the court believes that what Mr. Kincaide has presented here is anticipated expenses as to what may occur if he marries. They are not presently existing expenses. He hasn't shown any change of circumstances insofar as his present situation is concerned, as compared to what his prior situation was. He is estimating and projecting into the future. But even if we assume that the court can properly and appropriately consider that estimate, the estimate of income and expenses which he has projected does reflect that he is managing to save $373.00 a month. He is managing to pay $314.00 a month for a note on a late model automobile and $63.00 a month for insurance on that automobile, $30.00 a month for automobile care, and $100.00 a month for gasoline. The courts have held that the luxury and convenience of owning and operating a late model automobile must yield to the necessity of supporting the minor child or children. This child is entitled to be continued to be maintained in the same manner in which he was being maintained prior to the separation of the parties to the extent that the parents can reasonably so provide.
Both of the parties jointly agreed to place this child in a private school, and that has, of course, increased the expenses. It would be hoped that something could be worked out whereby at least the day care expense would be minimized, but as far as the court is concerned, considering the totality of the circumstances here, even in the event the court is warranted in considering the income and expense statement which will come in effect if Mr. Kincaide remarries, the court does not believe that any reduction in child support would be warranted.
The rules nisi issued herein are recalled, vacated and set aside at plaintiff-in-rule's costs.
THUS DONE, READ AND SIGNED at Baton Rouge, Louisiana, this 11th day of May, 1983.
 /s/ E. Donald Moseley
 E. Donald Moseley, Judge.