**Robert ARCHER,**
Appellant/Counter Appellee,

v.

**Marilyn ARCHER,**
Appellee/Counter Appellant.

**No. 72157.**

Court of Appeals of Okalahoma,
Division I.

April 2, 1991.

Rehearing Denied May 14, 1991.

Certiorari Denied July 26, 1991.

Sam P. Daniel, Jr., Tulsa, for appellant/counter appellee.

William F. Raynolds, II, Tulsa, for appellee/counter appellant.

MEMORANDUM OPINION

ADAMS, Presiding Judge:

Both parties appeal in this divorce action. Husband claims the trial court should have

based any award of child support in excess of the top amount in the Child Support Guidelines (Guidelines), 12 O.S.Supp.1988 §§ 1277.7 and 1277.8 (renumbered as 43 O.S.Supp.1989 §§ 118 and 119), solely on actual need. He argues the child support award is excessive because Wife demonstrated no extraordinary need. In her counter-appeal, Wife contends support alimony is too low, and the visitation ordered is an abuse of discretion.

The parties had been married eleven and one-half years when Husband filed for divorce, citing incompatibility. Husband is an osteopathic physician specializing in cardiovascular surgery. Husband was successful in his career, and the family lived in a large home with a pool. Wife worked as a registered nurse until after the birth of their first child, but has been out of the work force since 1978. Although focusing her primary attention on home and family, Wife also joined a medical auxiliary group to cultivate referral contacts for Husband's practice.

Custody of the couple's three minor children was awarded to Wife. In initially setting child support, the trial court found Husband's high income was an "extraordinary circumstance" which excused Guidelines compliance, and ordered Husband to pay $900 per month per child. In denying Husband's Motion for New Trial, the trial court noted it was awarding child support based on $10,000 per month income under the Guidelines table, plus an additional amount as it determined. The record contains no court-approved child support guideline worksheet.

Under the trial court decree, Wife received property valued at $74,986.04, including the marital homestead which is subject to an outstanding mortgage requiring monthly payments of approximately $1,800. She also received household furnishings, a van, two I.R.A. accounts, and a checking account. Alimony in lieu of property of $50,000 brought the value of her property award to $124,986.04. Wife also will receive a total of $121,500 support alimony, paid in decreasing increments ranging from $4,500 to $500 per month over four years.

Husband received a Porsche automobile, a Jaguar automobile, the assets of his medical practice, stock, various I.R.A. and other accounts, insurance policies, a checking account, and his pension fund. He was ordered to pay the note on the Porsche and a loan used to pay taxes. The net awarded him was $219,091.22.

From his employment, Husband received a monthly car allowance, salary, and bonuses. He also received compensation in the form of "forgiven" loans, which income could be realized when advantageous from a tax perspective. Although there was some dispute as to his monthly income, the trial court found it "substantially exceed[ed] the Ten Thousand Dollar ($10,000) monthly maximum contained on the child support guideline table...." In fact, Husband's own evidence was that he earned over $18,500 monthly ($390,000 in 21 months).

Husband presented evidence tending to indicate Wife could earn $20,000 per year ($1,666 per month) working at a hospital. Wife testified she wished to specialize as a school nurse so her work schedule would be compatible with the childrens' school hours, but that she needed extra college courses which would take one year to complete before she could qualify for a full time position with starting pay of $16,000 per year ($1350 per month). At the time of hearing she had earned a negligible amount working on a part-time, temporary basis as a school nurse.

## HUSBAND'S APPEAL

Husband complains only of the level of child support. He contends $2,700 per month child support, when combined with support alimony and income which she could earn from investments and employment, exceeds the demonstrated needs for Wife and the children. He argues the Guidelines cap child support at the amount shown in the tables for $10,000 monthly income, and that support may exceed that amount only if there are exceptional needs by the children.

■ In adopting the Guidelines, our Legislature devised a scheme which took into account both the presumed needs of the children, and the parties' ability to pay. For ordinary circumstances, the Guidelines first establish the amount of combined monthly support which both parents may be expected to provide the children, based upon their combined incomes. The level of that support increases with the number of children and the parents' combined income. Rather than "capping" support at the $10,000 level of combined monthly income, as argued by Husband, the Legislature determined combined support levels in households with such high parental income should be determined on case by case basis, with a minimum at the level required for $10,000 combined income.

■ Consistent with this approach of the Guidelines, a trial court, when confronted with high total parental income, must determine an appropriate combined support level in excess of the table amount based upon the circumstances of each case. In making that determination, it is appropriate to consider the overall scheme of the Guidelines. As noted previously, that scheme provides support for children based not only on need, but on the parents' ability to pay. Pre-divorce standard of living has long been considered a factor in setting post-divorce support obligations. *Ford v. Ford,* 766 P.2d 950 (Okla.1988); *Henderson v. Henderson,* 764 P.2d 156 (Okla.1988); *Stansberry v. Stansberry,* 580 P.2d 147 (Okla.1978); *Dowdell v. Dowdell,* 463 P.2d 948 (Okla.1969); *De Roin v. De Roin,* 198 Okl. 430, 179 P.2d 685 (1947). Children of the marriage likewise have lifestyle needs.

■ The trial court should consider the childrens' needs, *and* the parents' ability to pay and prior standard of living. *Sokol v. Sokol,* 441 So.2d 682 (Fla.Dist.Ct.App. 1983). A trial court may properly require the children to be maintained in the same style as before the parents' divorce *to the extent the parents may reasonably do so, Kincaide v. Kincaide,* 444 So.2d 651 (La. Ct.App.1983), not just at a "bare bones" level. *D'Onofrio v. D'Onofrio,* 200 N.J.Super. 361, 491 A.2d 752 (Ct.App.Div.1985);

*Baham v. Baham,* 456 So.2d 1032 (La.Ct. of App.1984). Where the noncustodial parent has an affluent lifestyle and access to resources, a trial court does not err when it allows the children to benefit from those resources even though the custodial parent also receives an incidental benefit. *Hubner v. Hubner,* 205 Cal.App.3d 660, 252 Cal.Rptr. 428 (1988).

Any other approach is tantamount to granting the noncustodial parent a "divorce" from the children, as well. Denying children the benefits which they have experienced from an affluent lifestyle simply because the resources to support that lifestyle are in the wallet or purse of the non-custodial parent not only penalizes the children, but places in the hand of the non-custodial parent a potent weapon in the war for affection which all too often follows marital dissolution.

Once the combined support level is determined, either by the table amount, or, as in this case, based upon the circumstances, the Guidelines require that support to be shared by the parties in proportion to their income. Consideration of a parent's income does not end just because that parent's income exceeds $10,000 monthly. The so-called "cap" is now found in 43 O.S.Supp.1989 § 119, which contains the tables. It states: "In the event monthly income exceeds Ten Thousand Dollars ($10,000.00), the child support shall be that amount computed for a monthly income of Ten Thousand Dollars ($10,000.00) and such additional amount as the court may determine." The only "support" covered by § 119 is the total parental support, and the only "income" is the combined income. The language of the statute offers no authority for Husband's contention that his income in excess of $10,000 monthly should be disregarded.

■ We must examine the circumstances of this case, applying these principles. The trial court did not complete a Guidelines worksheet, and did not otherwise make findings of either parent's monthly income or the appropriate level of total parental support. Husband does not contend this technical failure to follow the Guidelines is

error, but argues the evidence does not justify the amount of child support ordered. While the trial court's failure to make these findings complicates our task on appeal, it does not mandate reversal. In an action of equitable cognizance, a general finding of a trial court is deemed a finding of each thing necessary to sustain the judgment. *Evans v. Neal,* 198 Okl. 515, 180 P.2d 661 (1947). Our task in reviewing that decision and general finding is to determine whether it is against the clear weight of the evidence. *West v. West,* 268 P.2d 250 (Okla.1954). If it is not, the trial court must be affirmed.

■ As noted previously, the weight of the evidence will clearly support a determination of Husband's monthly income of at least $18,500. For Wife, the clear weight of the evidence supports monthly income of no more than $4,550.[1] Under those facts, Husband would be required to assume 80% of the total child support burden. In order to set child support totalling $2,700, the trial court need only have determined the children's "need" to be $3,375 monthly. Such a finding is clearly supported by the evidence, in light of Wife's testimony and exhibits which demonstrated the children's need at $3,669 monthly, not including additional expenses of up to $6,000 for orthodontic work on two of the children. The trial court's determination of child support is not against the clear weight of the evidence and must be affirmed.

### WIFE'S APPEAL

■ Wife contends the trial court did not award sufficient alimony for support. In making an award of support alimony, the trial court should properly consider such factors as: (1) Wife's costs for maintaining herself during the post-matrimonial adjustment period; (2) the amount of income producing property awarded Wife; and (3) the anticipated length of time required for Wife's transition in the workforce. *Johnson v. Johnson,* 674 P.2d 539 (Okla.1983).

Wife's mode of living also is a proper factor for consideration. *Ford v. Ford,* 766 P.2d at 954. Evidence of these and other relevant factors, such as Wife's medical condition, was presented and considered by the trial court.

■ In reviewing the award of support alimony, this Court must not substitute its judgment for that of the trial court absent an abuse of discretion. *Peters v. Peters,* 539 P.2d 26 (Okla.1975). Under the facts presented, Wife has not demonstrated that the trial court abused its discretion, and the support alimony award will not be disturbed. *Henderson v. Henderson,* 764 P.2d 156 (Okla.1988).

Wife also claims the trial court's order setting Husband's visitation with the children is against the clear weight of the evidence and an abuse of discretion, pointing to testimony Husband's interest in the children has only manifested itself recently. The record contains no copy of the order setting visitation, and the parties have only argued the propriety of the visitation scheduled in vague, general terms. Wife has failed to present any record supporting her allegation of error. She cites no authority whatsoever in support of her argument the trial court abused its discretion. On such a silent record, we will not presume error. *Johnson v. Johnson,* 674 P.2d 539 (Okla.1983).

Neither party has shown the trial court orders to be against the clear weight of the evidence or contrary to law. Accordingly, the orders of the trial court are affirmed.

AFFIRMED.

BAILEY and MacGUIGAN, JJ., concur.

---

1. $1,666.00 (Salary)
 350.00 (interest on $50,000 property award at 8% per annum)
 2,531.25 ($121,500 support alimony averaged over 48 months)
 ‾‾‾‾‾‾‾‾
 $4,547.25