**Sheila Mae CARR, Appellee,**

v.

**Curtis Lee CARR, Appellant.**

**No. 73685.**

Supreme Court of Oklahoma.

July 14, 1992.

Vicki A. Cox, Managing Atty., Tulsa Child Support Office, Dept. of Human Services, Tulsa, for appellee.

Debra J. Gottschalk, Tulsa, for appellant.

KAUGER, Justice.

The first impression issue presented is whether proof of a material change in condition must be shown before child support, originally ordered through a child's eighteenth birthday, can be continued after the child reaches eighteen while attending high school. We find that, pursuant to 43 O.S. 1991 § 112(D),[1] if the custodial parent is providing a dependent child, over the age of majority who is attending high school, with the necessities of life, the continuation of child support until the age of nineteen is warranted.[2]

## FACTS

The appellee, Sheila Mae Carr (mother), and the appellant, Curtis Lee Carr (father), were married in 1961. The marriage produced three children: G.L. born August 31, 1965; B.L. and K.L., twins, born November 9, 1970. The couple was divorced on November 26, 1980. The mother was granted custody of the children. The father was

---

1. Title 43 O.S.1991 § 112(D) provides:
"Any child shall be entitled to support by the parents until the child reaches the age of eighteen (18) years of age. If a dependent child is regularly and continuously attending high school, said child shall be entitled to support by the parents through the age of eighteen (18) years."
Section § 112(D) formerly appeared as 12 O.S. 1981 § 1277. It remains unchanged from its form at the time of the initial proceeding for modification.

2. In *Warren v. Hunter,* 632 P.2d 418, 419 (Okla.1981), the court stated:

"... (T)he parent who—on a day-to-day basis—is providing or will be providing the child, while in high school past the age of majority, with the necessities of life, or who is or will be supplying for that child more than his share of the common obligation, may seek from the court an order against the other parent for continuing contributions in an amount to be judicially determined; and the interparental claim is litigable in the divorce case as a modification-of-decree proceeding...."

ordered to pay $125.00 monthly per child as support during the children's minority.

On January 23, 1989, the mother filed a motion to modify the divorce decree. Pursuant to 43 O.S.1991 § 112(D),[3] the mother requested that child support for the two youngest children be continued until the age of nineteen while they attended high school. The two children, B.L. and K.L., age eighteen, were enrolled in and attending high school. At trial, the father attempted to show that no change of circumstances existed warranting a modification of child support. In the alternative, he argued that if the court ordered support until the children reached nineteen or graduated from high school, the court should consider his change in financial circumstances. He asserted his inability to continue paying child support. The father also requested application of the Child Support Guidelines, 43 O.S.1991 § 118 et seq.,[4] to determine the amount of any support payments.

The trial court modified the divorce decree on June 23, 1989. It found that the two youngest children were entitled to support until their nineteenth birthdays payable at the rate previously ordered. The Court of Appeals reversed, holding that any modification of a divorce decree requires a showing of a material change in conditions. The Court of Appeals found no evidence of any change. We granted certiorari on May 20, 1992, to address the first impression question of whether proof of a material change in conditions must be shown before child support, originally ordered through a child's eighteenth birthday, can be continued after a child who is attending high school reaches eighteen.

PURSUANT TO 43 O.S.1991 § 112(D), IF THE CUSTODIAL PARENT IS PROVIDING A DEPENDENT CHILD, OVER THE AGE OF MAJORITY WHO IS ATTENDING HIGH SCHOOL, WITH THE NECESSITIES OF LIFE, THE CONTINUATION OF CHILD SUPPORT UNTIL THE AGE OF NINETEEN IS WARRANTED.

■ The mother asserts that her two minor sons are entitled to child support while attending high school. The father argues that no material change in conditions warranting modification of the child support award was shown. We disagree.

In 1979, the Legislature amended 12 O.S. 1971 § 1277 [5] to provide the continuation of child support payments until a dependent child attending high school reaches nineteen. The court first considered § 1277(B) in *Warren v. Hunter*, 632 P.2d 418, 419 (Okla.1981). We held that child support obligations under § 1277, now 43 O.S.1991 § 112(D),[6] are status based and constitute a common burden of both parents. The Court stated that an interparental claim exists when one parent is providing, on a day-to-day basis, the necessities of life to a

---

3. Title 43 O.S.1991 § 112(D), see note 1, supra.

4. Title 43 O.S.1991 § 118 provides in pertinent part:

 "Except in those cases where parties represented by counsel have agreed to a different disposition, there shall be a rebuttable presumption in any judicial or administrative proceeding for the award of child support, that the amount of the award which would result from the application of the following guidelines is the correct amount of child support to be awarded. The court may deviate from the level of child support suggested by these guidelines where the amount of support so indicated is unjust, inequitable, unreasonable or inappropriate under the circumstances, or not in the best interests of the child or children involved. In making such determination, the court may take into account the reasonable support obligations of either parent as to other children in the custody of said parent. If the court deviates from the amount of support indicated by these guidelines, it shall make specific findings of fact supporting such action. . . .

 (19) Child support orders may be modified only upon a material change in circumstances. If the court finds there is a basis for modification, the child support guidelines provided in this act shall be used in computing child support, subject to the court's discretion to deviate from the guidelines where the amount of support is unjust, inequitable, unreasonable or not in the best interests of the child or children involved, and such deviation is supported by specific findings. . . ."

5. Title 12 O.S.1981 § 1277, now renumbered as Title 43 O.S. § 112(D), see note 1, supra.

6. *Id.*

child over eighteen who is attending high school.

Here, the Court of Appeals denied the continuation of child support because it found no showing of a change in conditions. In *Warren*, we established the showing necessary for a change of conditions in a modification proceeding. These prerequisites—a custodial parent providing daily support to a child between the ages of eighteen and nineteen who is enrolled in high school—are the only conditions required to order child support payments continued until the age of nineteen.[7]

The father does not contest that the two youngest children are between the ages of eighteen and nineteen, that they are under the daily care of the mother, or that they are attending high school. No other conditions must be met to provide the legal basis for a claim of continued child support payments.[8]

■ Once a trial court finds that the *Warren* criteria have been met, the only question left for the court to determine is the amount of support due. At the time of the initial divorce decree the Child Support Guidelines[9] were not in effect. The calculation of any child support amount, whether in the initial divorce decree or through a modification-of-decree proceeding is now governed by 43 O.S.1991 § 118.[10] The statute provides guidelines for determining child support amounts.[11] Any deviation from these guidelines must be supported with specific findings of fact made by the trial court.[12] The Child Support Guidelines are not optional.[13] Because the record contains no specific finding of fact to support the trial court's deviation from the guidelines, the cause is remanded for the application of the Guidelines or a specific finding of fact to support their non-application.

## CONCLUSION

Pursuant to 43 O.S.1991 § 112(D),[14] a claim for post-majority child support is a duty owed to the child.[15] The child should not be deprived of support through high school due to an omission in the initial divorce decree. Section 112(D) creates an interparental claim for support if the custodial parent is providing a dependant child, over the age of majority who is attending high school, with the necessities of life.[16] The uncontested facts show that the mother is providing her two sons, age 18, with the day-to-day necessities of life while they are in high school giving rise to an interparental claim for contribution. No additional showing of a change in conditions is required before seeking a court order against the non-custodial parent for his share of the obligation for support.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT AFFIRMED; CAUSE REMANDED WITH INSTRUCTIONS.

HODGES, V.C.J., and LAVENDER, SIMMS, ALMA WILSON and SUMMERS, JJ. concur.

OPALA, C.J., WATT, J. concur in part, dissent in part.

HARGRAVE, J. dissents.

OPALA, Chief Justice, with whom WATT, Justice, joins, dissenting in part.

I concur insofar as the court holds today that proof of changed circumstances *is not*

---

7. In *Eusterman v. Eusterman,* 41 Or.App. 717, 598 P.2d 1274, (Or.App.1979), the Oregon court found that child support could be extended until the child reached the age of twenty-one for a child attending school. It held that the child's attendance in school was the condition necessary to show a change in circumstances for modification of a divorce decree.

8. *Warren v. Hunter,* see note 2, supra.

9. Title 43 O.S.1991 § 118, et seq.

10. Title 43 O.S.1991 § 118, see note 4, supra.

11. A child support computation schedule is found in 43 O.S.1991 § 119.

12. Title 43 O.S.1991 § 118, see note 4, supra.

13. *Id.*

14. Title 43 O.S.1991 § 112(D), see note 1, supra.

15. Id.

16. *Warren v. Hunter,* see note 2, supra.

*necessary* to *extend* the duty of support due a qualified high school student *past* his attainment of majority; but insofar as today's opinion may be read to authorize the trial court to allow post-majority support contributions to be increased or decreased *without proof of changed conditions,* I dissent.