Robert Scott FITZGERALD, Appellee,

v.

Cynthia L. SHARUM (formerly
Fitzgerald), Appellant.

No. 79286.

Court of Appeals of Oklahoma,
Division No. 1.

June 29, 1993.

As Corrected July 14, 1993.

John C. Howard, Scarlett A. Howard, El
Reno, for appellant.

Mark Henricksen, Lanita Henricksen, El
Reno, for appellee.

### MEMORANDUM OPINION

GARRETT, Judge:

Cynthia L. Sharum (Cynthia) and Robert
Scott Fitzgerald were divorced in September, 1984. Cynthia was granted custody of
the two minor children born of the marriage. Robert was ordered to pay child
support. In September, 1991, Cynthia
moved to modify the judgment by increasing the amount of child support.

The trial court determined that there had
been material, permanent and substantial
change since the entry of the decree requiring modification of the amount of child
support, and increased the amount of child
support paid by Robert from $350.00 to
$552.06 per month. Pursuant to the modified child support, responsibility for medical insurance for the children was changed
from Robert to Cynthia. Robert was ordered to pay 51% of the insurance premium, and 51% of the medical costs not covered by insurance. Cynthia filed a motion
for new trial contending the trial court
erred because it did not consider all the
monthly income of Robert for child support
guideline (Guideline) purposes. The Guidelines are found at 43 O.S. 1991 § 118. She
appeals.

Robert owns a trucking company. The
amount considered by the Court as income
for Robert was $3,678.00 per month, which

includes a net monthly average payroll of $3,500.00; $117.00 of medical insurance benefits paid by Robert's corporation on his behalf; interest income of $58.00 a month; and, $3.00 a month of income from miscellaneous monies paid to Robert by his corporation.

Specifically, Cynthia contends the trial court failed to consider the evidence showing that Robert had received additional compensation from his corporation. Cynthia contends the corporation paid Robert's federal withholding (income) tax, state withholding (income) tax, and social security tax which were not considered as a part of Robert's gross income. Cynthia also asserted the corporation retained cash at the end of the year that was not distributed to Robert, but should have been considered as income for him for that year. Finally, Cynthia contends the corporation made payments on a pickup truck used by Robert, paid insurance payments on the pickup, and paid Robert's personal telephone bill and other miscellaneous items which were not considered as income for Robert.

The transcript of the proceeding reveals that Cynthia called herself and Robert as witnesses. Robert's testimony revealed he was the sole shareholder, officer and employee of his trucking company; his 1991 personal income tax return showed he received $822.00 in interest in that year and $4000.00 in dividend income. He further testified the corporation paid the insurance payment for him and his children's health benefits and the corporation had purchased a pickup truck, and paid insurance on that pickup, which was his sole method of transportation for the previous three months, and he had received loans from the corporation but had repaid only a portion thereof. He testified the pickup was used for corporation business, that he had wrecked his personal passenger car approximately three months earlier, and intended to purchase a new personal automobile soon. He also testified the corporation paid other miscellaneous items, e.g. meals, checks written for cash, the tag for the pickup, certain clothing for himself, and an answering machine for his home, but that the corporation telephone number was the same as his personal telephone number.

Cynthia contends that failure to include the federal income tax, state income tax, and social security tax lowered Robert's monthly average income. Using figures from Robert's evidence, his income was reduced by $618.00 per month for failing to consider these items. That amount would be $833.00 per month, by using Cynthia's evidence. This evidence includes a review of the corporation's ledger sheets. Cynthia contends the trial court erred as it failed to follow 43 O.S.1991 § 118(3) which requires a Court to carefully consider income and expenses from the operation of a business, and that expense reimbursements are to be considered if they are significant and reduce personal living expenses. Cynthia also contends the corporation was paying $200.41 per month in medical insurance, and it was error to require her to carry the insurance and show only $117.00 as income attributable to health insurance for Robert.

Robert contends the Guidelines allow the trial court discretion in computing child support. He contends the loans he received from the corporation were repaid by him, and therefore were not income, and if the trial court erred in not considering certain taxes, any error was offset by considering loans from the corporation as income.

■ The Court viewed the witnesses and evidence, and determined that payments made by the corporation for the vehicle driven by Robert, and the attendant insurance payments, were not to be considered as personal income, but were to be considered corporate expenses. The trial court made the same determination for the costs of the telephone and retained earnings held by the corporation. Modification of child support obligations is a matter addressed to the sound discretion of the trial court, whose rulings thereon will not be disturbed absent a showing of abuse of weight of the evidence. *Wade v. Wade,* 570 P.2d 337 (Okl.1977); *Huchteman v. Huchteman,* 557 P.2d 427 (Okl.1976).

In the case below, the evidence before the trial court was disputed. 43 O.S.1991 § 118(3) requires the trial court to "careful-

ly review income and expenses from self-employment or operation of a business to determine an appropriate level of gross income available to the parent to satisfy a child support obligation." The trial court reviewed this evidence and made a determination that these items were corporate assets as opposed to personal assets. We cannot say it was against the clear weight of the evidence and abuse of discretion to do so.

■ However, it was error for the trial court to fail to consider any federal income tax, state income tax, or social security tax paid by the corporation for Robert's benefit. A portion of the social security tax is normally paid by an employer. This portion may not be considered as income for Robert. However, any other portion not normally paid by an employer must be included as income. A self employed person may not "disallow" this portion of their income merely by virtue of the business paying his or her taxes. It was contrary to law to disregard this evidence, and the matter must be remanded on this issue.

■ Robert argues the trial court had the discretion to deviate from the level of child support suggested by the Guidelines pursuant to 43 O.S.1991 § 118. This is correct. However, § 118 authorizes the trial court to do so only where the amount of child support is unjust, inequitable, unreasonable or inappropriate under the circumstances. If the Court deviates from the guidelines, it must make specific findings of fact supporting that action. Here, this was not done.

Cynthia's request for attorney fees on appeal is denied. The trial court may consider a request for attorney fees below.

AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.

ADAMS, P.J., not participating.

JONES, J., concurs.