**Bruce James COLCLASURE, Appellee,**

v.

**Patricia Ann COLCLASURE, Appellant.**

**No. 82702.**

Court of Appeals of Oklahoma,
Division No. 3.

Feb. 28, 1995.

Bradley A. Grundy, Richard A. Wagner, II, Tulsa, for appellant.

Kelly Hake, Bristow, for appellee.

## OPINION

GARRETT, Chief Judge:

Patricia Ann Colclasure (Appellant) and Bruce James Colclasure (Appellee) were divorced after twelve years of marriage. The parties married in November, 1980. Prior to the marriage, Appellee's parents deeded ten acres to Appellee. Some improvements had been made to the land before the marriage. The land contained the parties' home and their business. Both parties were horse trainers and the land had pasture for the horses, stables, barns and other outbuildings or structures used in training horses. During the marriage, Appellee executed a second mortgage on the land as a "single person."

The money was used for improvements on the real property and to finance the parties' business. The parties paid the bank on this mortgage until December, 1986. When the bank threatened foreclosure three months later, Appellee reconveyed the property to his parents, as a "single person", without Appellant's signature. Appellee's parents paid the mortgage and allowed the parties to continue to live on the land.

The divorce court found that any discrepancy caused by Appellee failing to obtain Appellant's signature on the deed to his parents was "cured" by awarding Appellee all the value of the improvements to the land during the marriage. The court found the land was Appellee's separate property, obtained prior to the marriage. Appellant contends it was error for the court to find the land to be Appellee's separate property and error for the court to award the value of the improvements solely to Appellee.

A review of the record shows that the court considered the improvements to the land as jointly acquired property. The court awarded the value of the improvements to Appellee, but awarded other property of similar value to Appellant. Appellee was awarded $51,303.00 (which was marital property less debts) and Appellant was awarded $51,700.00 (which was marital property less debts). The appellate court will not reverse or modify a court's division of jointly acquired property unless it "is against the weight of the evidence and is inequitable." *Carpenter v. Carpenter*, 657 P.2d 646, 651 (Okl.1983). The term "equitable" as used in the statutes does not necessarily mean "equal." *Primrose v. Primrose* 663 P.2d 755 (Okl.App.1983). Appellee has not shown the court's division of jointly acquired property to be against the weight of the evidence or inequitable.

The court properly found the land acquired by Appellee prior to his marriage remained his separate property and that only the improvements to the land, done by joint industry of the parties, were divisible as such. See, *Williams v. Williams*, 428 P.2d 218 (Okl.1967). Further, the court was correct in determining Appellant had no interest

678

in 70 acres deeded to Appellee by his parents, but reserving a life estate to themselves. The evidence showed a gift to Appellee from his parents with no showing of the 70 acres either being jointly acquired or enhanced through joint industry.

■ Appellant contends the court erred by awarding Appellant a 25% "equitable interest" in Diamond Venture, a horse training and selling venture. There was evidence that a person, not a party to the divorce, was 100% owner of this business. This person testified that if the business ever made a profit, she would share that profit with Appellant. Appellant received 10% of the sale price of any horse she sold, no matter who the owner. Appellant had partial interests in four of the horses owned by Diamond Venture. Appellant boarded and trained other Diamond Venture horses as well as horses owned by different individuals.

Appellant contends the court lacked personal jurisdiction over the owner of Diamond Venture and erred by defining the owner's business as 25% equitably owned by Appellant. It is not necessary for the alleged owner to be a party to the divorce action for the court to be able to determine Appellant's and Appellee's interest therein. The court was presented with conflicting evidence about the ownership and value of Diamond Venture. The record supports the court's finding that Appellant had an ownership interest. Appellant has shown no abuse of discretion. We find that the court did not abuse its discretion in its award of support alimony and its attorney fee orders.

Concerning support alimony, "this Court must not substitute its judgment for that of the trial court, absent an abuse of discretion." *Archer v. Archer,* 813 P.2d 1059 (Okl. App.1991). The court has the discretion to require either party to pay the reasonable expenses of the other, in light of what is just and proper under the circumstances. 43 O.S. 1991 § 110(C). A summary order requiring each to bear his and her own expenses is not necessarily an abuse of that discretion. *Smith v. Smith,* 673 P.2d 850 (Okl.App.1983). We find that the court did not abuse its discretion in its award of support alimony and its attorney fee orders.

AFFIRMED.

ADAMS, J., concurs.

HUNTER, J., concurs in part and dissents in part, with separate opinion.

HUNTER, Judge, concurs in part and dissents in part:

I dissent from that part of the opinion concerning the valuation and award of an "equitable interest" in Diamond Venture. The evidence revealed that if the business ever made a profit, Appellant would share in that profit. It is erroneous to assign a value, for the purpose of equitable division of the marital estate, to a contingency which may never occur, in this case, the making of a profit. Certain contingent assets of a marriage, such as pension funds, may be divisible by a court. *Carpenter v. Carpenter,* 657 P.2d 646, 651 (Okl.1983). In those cases, however, the requirements of vesting of the contingency are known at the time of trial, or if it fails to vest, the result of the failure to vest is known at the time of trial. For future earnings, however, the rule is that they are not marital property. *Mocnik v. Mocnik,* 838 P.2d 500, 505 (Okl.1992). The court's order, because it included nonmarital property as part of Appellant's proportion, is no longer supportable as an equitable division. I would affirm in part, reverse in part and remand to the trial court with directions to modify the property division accordingly.