**Janice Leanne LOCKHART, Appellee,**

v.

**Stephen Wayne LOCKHART, Appellant.**

No. 85666.

Court of Appeals of Oklahoma,
Division No. 3.

May 7, 1996.

Randal D. Morley, Tulsa, for Appellant.

Harold W. Salisbury, Tulsa, for Appellee.

### OPINION

HANSEN, Presiding Judge:

█ Appellant, Steven Wayne Lockhart ("Husband"), seeks review of the trial court's Decree of Divorce. After a trial held in December, 1994, the trial court issued its Decree dated May 24, 1995, which granted the parties a divorce, awarded custody of the parties' two minor children to Appellee, Janice Leeann Lockhart ("Wife"), set child support, settled the parties' debts and awarded Wife alimony. On appeal, Husband argues the trial court erred in deviating upward from the Oklahoma Child Support Guidelines and erred in granting Wife judgment against Husband for $2,200.00.[1]

█ The Decree states the parties were married in October, 1977, and separated on January 14, 1994. Of the marriage, two children were born: a son, born in May, 1979 and a daughter born in August, 1982. Husband's gross monthly income is $2,816.00 and Wife's gross monthly income is $965.00. The trial court applied the child support guidelines (the "Guidelines") pursuant to 43 O.S.Supp.1994 § 118 and 43 O.S.1991, § 119 and determined base child support from both parents is $644.00. Husband's percentage of the combined income is 75%, therefore his base child support obligation is $483.00 per month. This amount was further reduced to $420.65 after deducting Wife's proportionate part of the medical and dental insurance for the children which Husband carried through his employment. The Decree requires Husband to pay an additional $220.00 in child support above the amount set by the Guidelines for a total of $640.65 per month "during said children's minority, or continuing through the minor children's 18th year while continuously attending high school, or until further Order of this Court."

The Decree provides:

That the Court intends to deviate upward from the Guidelines because the Court finds that the Guideline's amount is not in the best interest of the children involved based on the following reasons:

1. The Guideline amount would not be sufficient to cover the Defendant's share of the out-of-pocket tuition costs of the children's private schools and also cover the Defendant's share of other necessary support for the children; an upwards deviation would be necessary to include such amounts.

2. It is in the best interest of these children, in this particular case, that they continue to attend the private schools they are currently enrolled in for a number of reasons, including but not limited to:

A. Both parties agree that it would be in the best interest of the children that they attend private school, and they both took several steps together, including interviewing and testing, to accomplish this.

B. Both children have been enrolled and attending their private schools for several semesters; they are well settled at those schools and it would not be in their best interest to suddenly remove them unless absolutely necessary.

C. The Court has calculated that the Defendant's fifty percent (50%) share of the out-of-pocket only tuition costs for both children, over a twelve (12) month period, is $220.00 per month.

D. Therefore the Court will deviate upward by that amount for a total child support obligation of $640.65 payable by the Defendant to the Plaintiff in two (2) equal installments on the 5th and 20th of each month, beginning on March 20, 1995, and continuing at the specified intervals.[2]

43 O.S.Supp.1994, § 118 (as amended by § 14, Ch. 356, O.S.L.1994) (Emphasis added), provides in part:

---

1. Although other issues were raised in Husband's Petition in Error, these were the only issues briefed. Issues raised in a petition in error which are not briefed are not preserved for our review. *American First Abstract Company v. Western Information Systems, Inc.,* 735 P.2d 1187, 1189 (Okla.1987).

2. We note the $640.65 in ordered child support, which includes $220.00 for private school, is not conditioned on the children remaining in private school.

A. Except in those cases where parties represented by counsel have agreed to a different disposition, *there shall be a rebuttable presumption in any judicial or administrative proceeding for the award of child support, that the amount of the award which would result from the application of the following guidelines is the correct amount of child support to be awarded. The district or administrative court may deviate from the level of child support suggested by these guidelines where the amount of support so indicated is unjust, inequitable, unreasonable or inappropriate under the circumstances, or not in the best interests of the child or children involved.* The court shall not take into account any stepchildren of such parent in making the determination, but in making such determination, the court may take into account the reasonable support obligations of either parent as to only natural, legal, or legally adopted minor children in the custody of said parent. *If the district or administrative court deviates from the amount of support indicated by these guidelines, it shall make specific findings of fact supporting such action.*

This language is again mirrored in the language of Subparagraph (B)(19) of Section 118.[3]

■■■ When the Legislature adopted the Guidelines, it devised a scheme which took into account both the presumed needs of the children and the parties' ability to pay. *Archer v. Archer,* 813 P.2d 1059, 1061 (Okla. App.1991). The Guidelines are not optional. *Carr v. Carr,* 834 P.2d 970, 973 (Okla.1992). According to the statute, a trial court may deviate from the Guidelines only where the amount of support is unjust, inequitable, unreasonable, or inappropriate under the circumstances. *Fitzgerald v. Sharum,* 857 P.2d 92 (Okla.App.1993). If the trial court deviates from the Guidelines, it must make specific findings of fact to support the action. *Id.; Department of Human Services v. Glasby,* 858 P.2d 1291 (Okla.App.1993).

[T]he mandatory, presumptive nature of the guidelines overrides the former equitable power of the court to set child support, except where some specific inequity to a party or some specific detriment to the child's best interest is found to result from the application of the guidelines.

*Glasby,* at 1295.

■■■ An appeal reviewing child support is one of equitable cognizance. *Thrash v. Thrash,* 809 P.2d 665 (Okla.1991). On appeal from a child support decree, this Court will search the entire record but will not modify or set aside the amount of child support ordered by the trial court unless the amount awarded is clearly against the weight of the evidence or unjust and inequitable. *Thrash,* at 668; *Miller v. Miller,* 383 P.2d 873 (Okla. 1963). The trial court made specific findings of fact and we must determine whether these findings are supported by the evidence and support a deviation from the guidelines.

The trial court determined it was in the best interest of the children to continue to attend private school and that the Guideline amount was insufficient to cover Husband's 50% share of the out-of-pocket tuition costs and other expenses. The Decree provides that "both parties agree" that it is in the best interest of the children to attend private school and that both children have been attending private schools for several semesters and to remove them would not be in their best interest. These findings are not supported by the record.

The parties separated January 14, 1994. At the time of separation, the son was attending a private school and the daughter was in public school. The record contains a March 29, 1994, "temporary order agreement" wherein Husband was required to pay private school tuition. Subsequently, the trial court issued an Order Modifying Temporary Order, filed September 12, 1994, which provides Husband "shall not be obligated to

3. "The child support guidelines provided in this act shall be used in computing child support, subject to the discretion of the district or administrative court to deviate from the guidelines where the amount of support is unjust, inequita-

ble, unreasonable or inappropriate under the circumstances, or not in the best interests of the child or children involved, and such deviation is supported by specific findings."

contribute to the cost of a private school for either of the children".

At the December, 1994, trial Wife testified she and Husband made a joint decision to place the son in private school in 8th grade. In November, 1993, Husband and Wife attended a meeting at the private school where they wanted their daughter to attend. They had the child tested so that she could attend the school and paid an enrollment fee. The daughter was accepted in December, 1993, for enrollment in 1994. The parties then separated in January, 1994. The daughter started attending this private school in September, 1994, nine months after the parties were separated. Wife testified she currently paid the tuition for the son and that her brother was paying the private school tuition for the daughter.[4] At the time of trial, both kids played basketball for their school teams. Wife testified she felt it was in the best interest of the children to be in private school to be with their peers and for "stability". Husband denied it was in the best interest of the children to attend private school because "the funds are not there." Father stated he filled out a scholarship form for the son in April, 1994, and that he cannot afford to pay for private school for the children. There was no other evidence presented regarding whether it was in the best interest of these children to attend these private schools.

The trial court states both parties agree that it would be in the best interest of the children to attend private school. Although there is evidence Husband agreed to private school for his children prior to the time of separation, there is no evidence in the record that Husband agreed that it was in the best interest of the children to continue to attend private school after the parties' separation. Nor is there any evidence Husband agreed to pay private school tuition post-separation. The trial court found "both children have been enrolled and attending their private schools for several semesters". However, the evidence shows the daughter did not begin private school until September, 1994, which was nine months after the parties' separation and three months prior to trial. Furthermore, daughter began private school after a July 25, 1994 hearing which resulted in the order modifying the temporary order which determined Husband would not be required to contribute to the costs of private schools for either of the children.

According to the Guidelines, child support for two children for a combined gross monthly income of $3,750.00 is set at $644.00. The additional $440.00 for private school tuition here considered when added to the Guideline amount is $1084.00. Under the Guidelines, this amount of child support for two children is not reached until the parents' combined gross monthly income equals $7,400.00. The statute takes into account the "presumed needs of the children". *Archer*, supra. This includes children's educational needs. Although an upward deviation from the Guidelines to enable a child to attend private school may be appropriate in another case, under the facts here presented such deviation is not warranted.[5] Wife failed to rebut the presumption of correctness of the child support amount required by the Guidelines by showing application of the Guidelines is "unjust, inequitable, unreasonable or inappropriate under the circumstances or not in the best interests of the children". Accord-

---

4. The son's annual tuition at Bishop Kelly was reduced by a scholarship amount and the daughter's tuition at Cascia Hall was discounted due to Wife's employment with Monte Cassino School. As reduced, the monthly tuition for the son was approximately $382.00 per month and the monthly tuition for the daughter was $269.70 per month.

5. In *Ford v. Ford*, 840 P.2d 36 (Okla.App.1992), the Court of Appeals affirmed the trial court's order that the father, whose monthly income exceeded $23,000.00 a month, pay support of $1,352.00 per month plus tuition and supplies for public or private school for his children. The support was calculated pursuant to the Guide-

lines, not a deviation. In *Archer v. Archer*, 813 P.2d 1059 (Okla.App.1991), the Court of Appeals affirmed a support order of $2,700.00 per month where the father's monthly income was $18,500. In *Archer*, child support was calculated pursuant to the Guidelines. In *Archer*, at 1061, the Court noted a trial court may properly require children to be maintained in the same style as before the parents' divorce *to the extent the parents may reasonably do so*. Wife has failed to cite, and we cannot find, any reported decision where the trial court has deviated upward from the Guidelines by 50% in order to pay for private school tuition, even when the parents' income is substantial.

ingly, we REVERSE only that portion of the Divorce Decree which orders Husband to pay Wife $640.65 per month and MODIFY that amount to $420.65, which is the amount determined by the trial court under the guidelines after credit for medical and dental insurance. All other portions of the Decree are affirmed.

Husband next challenges that portion of the trial court's Decree which grants Wife judgment for $2,200.00 against Husband for his failure to pay two months of mortgage note payments on the parties' former residence. Husband admits he failed to make the June and July, 1994 mortgage payments even though ordered to do so under the temporary order. The parties state the arrearages due to these late payments were deducted from the equity in the residence before the equity was divided between the parties. Husband argues the judgment to Wife of $2,200.00 results in a windfall to Wife of $1,016.28 of the equity.

According to the Decree, Husband was awarded $16,187.00 from the proceeds of the sale of the marital residence and Wife was awarded $12,187.00 from the sale. At trial, the trial court determined the parties' monthly mortgage payment was $1,100.00 per month. Husband testified at trial that the interest alone on the two late payments equaled $2,285.00 and that the unpaid late charges were $81.62 (a total of $2,367.44). The parties state this amount was deducted from the equity prior to the parties' division of the equity under the divorce. Thus, the arrearages which were required to be paid by Husband, actually reduced Wife's portion of the equity. Husband has failed to demonstrate the trial court abused its discretion in awarding Wife $2,200.00. This assignment of error is overruled.

Husband's request for appellate attorney fees is denied.

As REVERSED and MODIFIED, the trial court's Decree is AFFIRMED.

ADAMS, V.C.J., and BUETTNER, J., concur.