2000 OK CIV APP 122

Sheila O. BURGESS, Plaintiff/Appellant,

v.

Lowell R. BURGESS, Jr., Defendant/Appellee.

No. 93,669.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 13, 2000.

Michael P. Dunagan, Assistant District Attorney, Poteau, OK, for Plaintiff/Appellant.

Lowell R. Burgess, Jr., Antlers, OK, Defendant/Appellee, Pro Se.

## OPINION

GARRETT, Judge:

¶ 1 This is an action to collect unpaid child support. The amount in arrears is the dispute. Appellant, Sheila O. Burgess, and Appellee, Lowell R. Burgess, Jr., were divorced by a judgment which was entered on April 11, 1985, and filed on April 26, 1985. Appellant was awarded custody of their three minor children. Appellee was ordered to pay child support in the amount of $900.00 per month; and, he was ordered to pay, and did pay support alimony to Appellant in the sum of $500.00 per month for a period of 60 months.

¶ 2 At the time of the divorce, Appellee was Associate District Judge of Pushmataha County, Oklahoma, and Appellant was securing the necessary education to become a Certified Registered Nurse Anesthetist. She successfully completed her course of study and apparently is now a CRNA in Dallas, Texas. He continued to be Associate District Judge until he lost that employment on January 8, 1995, because he was defeated for re-election in the November, 1994 general election. Now, he apparently is engaged in the private practice of law at Atoka, Oklahoma. All of the children have reached the age of 18. The oldest child became 18 in August, 1991, the second child became 18 in June, 1995, and the youngest child became 18 in February, 1997, and graduated from high school in May, 1997.

¶ 3 In August, 1991, when the oldest child reached the age of 18, Appellee reduced his payment of child support to $600.00 per month. The oldest child went to college and he voluntarily gave her $300.00 per month. Appellant did not complain. Each of them gave different reasons for the change. Appellant contends Appellee is in arrears for $300.00 per month from August or September, 1991, through January, 1995, and for $900.00 per month from January, 1995, through May, 1997, when his youngest child had reached the age of 18 and graduated from high school.

¶ 4 Appellee contends the child support order was intended to be for $300.00 per child per month. Therefore, he argues that he is not behind anything for the period of August or September, 1991, to January, 1995, during which time he paid $600.00 per month for two minor children. He admitted being in arrears at the rate of $600.00 per month from January, 1995, until the second child became 18 years of age, and $300.00 per month from that time until the third child graduated from high school. He points out that Appellant never made any complaint until the youngest child had been an adult for an extended period of time.

¶ 5 The trial court received extensive evidence and testimony and held that the parties intended for the child support to be $300.00 per child per month. The delinquent child support was calculated on that basis. Appellee testified they had an agreement that he would pay $300.00 per month, per child. Appellant, when testifying, was not so sure they had such an agreement. It is clear that whatever agreement existed at that time was oral. Neither party has made any complaint to any court until this proceeding was

commenced on February 18, 1999, which was fourteen years after the divorce decree was entered and two years after the youngest child became 18, and one year and nine months after that child graduated from high school. However that may be, the sufficiency of the evidence is not an issue. We would observe that we could not say the judgment was contrary to. the clear weight of the evidence, if it were an issue.

■ ¶ 6 For reversal, Appellant presents one issue of law. She contends it was reversible error for the court to construe the judgment to have been an order to pay child support at the rate of $300.00 per child. The only authority cited by Appellant is 43 O.S. Supp.1994 § 118(B)(19) which provided, in part, as follows:

"A child support order shall not be construed to be a per child order unless specified by the district or administrative court in the order. Child support is not automatically modified in a child support order which provides for more than one child when one of those children reaches the age of majority or is not otherwise entitled to support pursuant to the support order; however, such circumstance shall constitute a material change in circumstances."

¶ 7 The divorce decree being considered was entered by the trial court on April 11, 1985, and filed on April 26, 1985. Neither the statute above quoted, nor any other statute with which we are familiar, was in effect in 1985. The above statutory provision, or one substantially the same, was first enacted by the 1994 Legislature. See Laws 1994, Ch. 356, § 14. This provision has been amended from time to time, and has been renumbered in various sub-sections of § 118. Each amended version has been substantially the same as the 1994 version.

■ ¶ 8 This statute is substantial in nature. It cannot be deemed to be procedural because substantial rights and duties are involved, and more than the remedy or a procedural matter is involved. Therefore, it cannot be applied retroactively. Thus, it is apparent that it cannot be deemed to be applicable here. Only remedial or procedural statutes may operate retrospectively. Cf.

*McCormack v. Town of Granite*, 1996 OK 19, 913 P.2d 282 and *Testerman v. First Family Life Insurance Company*, 1990 OK CIV APP 108, 808 P.2d 703.

¶ 9 Generally, once a court acquires jurisdiction of an action, the power to determine the facts and applicable law is exclusively vested in the court. Whether the Legislature has the power to direct a court how to interpret its judgment, after it is entered, is subject to considerable doubt. However, under the facts of this case, this constitutional issue is not before us to decide. Thus, we express no opinion in this respect.

■ ¶ 10 The trial court correctly held that child support proceedings are matters of equitable cognizance. On appeal, an Appellate Court reviews the record, weighs the evidence and will affirm a trial court's order if it is just and equitable. *Thrash v. Thrash*, 1991 OK 32, 809 P.2d 665. A trial court order will not be modified or set aside unless it is clearly against the evidence or is somehow unjust and inequitable. *Lockhart v. Lockhart*, 1996 OK CIV APP 56, 919 P.2d 454.

■ ¶ 11 We cannot say that the trial court's order is clearly against the evidence, or that it is somehow unjust and inequitable.

¶ 12 AFFIRMED.

¶ 13 CARL B. JONES, P.J., and BUETTNER, J., concur.