2011 OK CIV APP 8

**Mary C. BRADSHAW, Petitioner/Appellant,**

v.

**Craig S. BRADSHAW, Respondent/Appellee.**

**No. 107807.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 17, 2010.

Charles O. Schem, Hester, Schem, Hester & Batson, Edmond, OK, for Petitioner/Appellant.

Bob Robinson, H.L.R. Robinson, Esq., Inc., Oklahoma City, OK, for Respondent/Appellee.

ROBERT DICK BELL, Vice–Chief Judge.

¶ 1 In this post-divorce proceeding, Petitioner/Appellant, Mary C. Bradshaw (Mother), sought a judgment against Respondent/Appellee, Craig S. Bradshaw (Father), for child support arrearage. Mother also sought a judgment against Father for his share of un-reimbursed medical expenses. The trial court concluded that under 43 O.S. Supp.2003 § 112(E), the parties' youngest child was only entitled to support after the age of eighteen if she was regularly enrolled in and attending high school. Because the child was hospitalized and withdrew from high school in October, 2006, the trial court found the child was not attending high school and Father's support obligation terminated. We reverse the trial court's order and remand for further proceedings.

¶ 2 The parties were divorced by a divorce decree entered April 15, 1992. Father was ordered to pay child support for the parties' three children. Presently, the parties' three children have all reached the age of majority. The parties' youngest child, J.L.B., was born September 20, 1988. In 1996, Father was ordered to pay $731.68 per month in child support and 56% of uninsured medical expenses. J.L.B. turned 18 years of age September 20, 2006, when she was a senior in high school.

¶ 3 J.L.B. was hospitalized in 2006 on three separate occasions due to Anorexia Nervosa, a serious psychological eating disorder. On October 2, 2006, J.L.B. withdrew from high school and was placed into a residential (inpatient) treatment program in Utah. J.L.B. remained in the residential program from October 2006 until March 2007. J.L.B. did not participate in the high school classroom training offered by the residential program. The insurance coverage for J.L.B. was exhausted for the entire year of 2006, thus insurance did not reimburse the parties for

the inpatient treatment expenses in the amount of $68,663.55.

¶ 4 After J.L.B.'s release in March 2007, she returned to Oklahoma. J.L.B. lived with Father and worked at Lowe's until the Fall of 2007, when she moved into Mother's home and re-enrolled in high school. In September 2007, while in her senior year of high school, J.L.B. turned nineteen years of age. J.L.B. graduated from high school with honors in May 2008. Father discontinued paying child support in March 2007.

¶ 5 Mother filed an application against Father for child support arrearage from April 2007 through J.L.B.'s graduation in May 2008. Mother also requested a judgment for Father's share of J.L.B.'s un-reimbursed medical expenses. The trial court denied Mother's application, finding that, as a matter of law, Father's support obligation under § 112(E) terminated in October 2006, when J.L.B., then eighteen years of age, withdrew from high school. Mother appeals.[1]

■ ¶ 6 The trial court's interpretation of § 112(E) is a question of law which we review *de novo*. *Arrow Tool & Gauge v. Mead,* 2000 OK 86, ¶ 6, 16 P.3d 1120, 1123. The version of § 112(E) in effect when J.L.B. withdrew from high school provided:

> E. Except as otherwise provided by Section 112.1A of this title, any child shall be entitled to support by the parents until the child reaches eighteen (18) years of age. If a dependent child is regularly and continuously attending high school, said child shall be entitled to support by the parents through the age of eighteen (18) years. No hearing shall be required to extend such support through the age of eighteen (18) if the child is regularly and continuously attending high school.

43 O.S. Supp.2003 § 112(E). J.L.B. re-enrolled in high school in August 2007, and turned nineteen years of age September 2007. At that time, § 112(E)[2] provided:

> E. Except as otherwise provided by Section 112.1A of this title, any child shall be entitled to support by the parents until the child reaches eighteen (18) years of age. If a child is regularly enrolled in and attending high school, as set forth in Section 11–103.6 of Title 70 of the Oklahoma Statutes, other means of high school education, or an alternative high school education program as a full-time student, the child shall be entitled to support by the parents until the child graduates from high school or until the age of twenty (20) years, whichever occurs first. Full-time attendance shall include regularly scheduled breaks from the school year. No hearing or further order is required to extend support pursuant to this subsection after the child reaches the age of eighteen (18) years.

¶ 7 Mother submits the trial court erred when it concluded, as a matter of law, that Father's support obligation under § 112(E) terminated when J.L.B., then 18 years of age, withdrew from high school. She urges the involuntary disruption in J.L.B.'s attendance at high school from October 2, 2006, until August 2007, due to the child's serious medical condition and hospitalization, should not deprive J.L.B. of child support under § 112(E). Mother further points out that under the pre–2007 version of § 112(E), J.L.B. was entitled to support *through* the age of eighteen, *i.e.* until she was nineteen. Then, under the new version of § 112(E), which went into effect before J.L.B. re-enrolled in high school and turned 19 years of age, she was entitled to child support until she graduated from high school. Mother argues J.L.B.'s temporary absence from high school for a health condition should not remove J.L.B. from the group of young adults who are statutorily entitled to support by their parents.

¶ 8 Father contends the trial court properly ruled his support obligation under § 112(E) terminated in October 2006, when

---

1. "[A] claim for post-majority child support is a duty owed to the child." *Carr v. Carr,* 1992 OK 106, ¶ 11, 834 P.2d 970, 973. Section 112(E) "creates an interparental claim for support if the custodial parent is providing a dependant child, over the age of majority who is attending high school, with the necessities of life." *Carr* at ¶ 11, 834 P.2d at 973.

2. Section 112(E) was extensively amended in 2007 by *Laws 2007, c. 1,* § 23, eff. February 22, 2007.

J.L.B. withdrew from high school, because she was 18 years old and was not continuously and regularly enrolled in and attending high school. He maintains J.L.B.'s re-enrollment in high school in August 2007, should not be construed as attending high school continuously or as being regularly enrolled in high school. Father proposes when J.L.B. did not participate in the treatment facility's high school program, and then returned to his home in Oklahoma and began working in the work force, J.L.B. indicated she did not intend to finish her high school senior year and graduate.

¶ 9 The words "regularly and continuously attending" in § 112(E) (2003), the version in effect when J.L.B. withdrew from high school, were not defined. In the absence of a contrary definition of the common words used in a legislative act, we must assume the Legislature intended for the words to have the same meaning as that attributed to such words in ordinary and usual parlance. *Gilbert Cent. Corp. v. State*, 1986 OK 6, ¶ 4, 716 P.2d 654, 658 (citation omitted). "Continuous" ordinarily means "extending or prolonged without interruption or cessation." *The American Heritage Dictionary* (2nd College Ed. 1985). The word "attend" usually means "to be present" and "to apply or direct oneself." *Id.* Based on the foregoing ordinary and usual usages of the foregoing words, we agree § 112(E) (2003) imposed a responsibility upon J.L.B. to be present at high school for a prolonged and uninterrupted period of time.

¶ 10 However, here, the primary question is whether the Legislature intended for an eighteen-year-old child to forfeit her right to child support when her presence at high school is *disrupted* by a serious medical condition and extended hospitalization. After reviewing the plain and unambiguous statutory language of § 112(E) (2003), we must agree with the trial court's determination that Father's child support obligation terminated in October 2006, upon cessation of J.L.B.'s regular and continuous high school attendance, because she had already reached the age of 18.

¶ 11 In making this ruling, we reject Mother's assertion that the involuntary disruption in J.L.B.'s attendance at high school from October 2, 2006, until August 2007, due to her serious medical condition and hospitalization, should not deprive J.L.B. of child support under § 112(E). The only exception to § 112(E) appears at § 112.1A where support may be ordered for an adult child who "requires substantial care and personal supervision because of a ... disability and will not be capable of self-support." There was no evidence presented to support a claim under this provision and the parties seem to concede it is inapplicable to this case.

¶ 12 Section 112(E) leaves no room for reading into it an exception for the 18 year-old child who leaves school to enter an inpatient treatment facility. "If a statute is plain and unambiguous, it will not be subjected to judicial construction, but will receive the effect its language dictates." *Yocum v. Greenbriar Nursing Home*, 2005 OK 27, ¶ 9, 130 P.3d 213, 219. We hold § 112(E) is plain and unambiguous. Because we hold the trial court correctly determined Father's support obligation terminated in October 2006, we hold any obligation for health care reimbursement also ended.

¶ 13 Regarding the amended version of § 112(E) (effective February 22, 2007), we hold this statute operates to revive Father's child support obligation upon J.L.B.'s re-enrollment and regular attendance in high school in the fall of 2007. Although the statute is silent on whether a child support obligor's duty is automatically reinstated upon a child's re-enrollment/attendance, or whether judicial action is necessary to reimpose the duty to pay child support, we construe the language of § 112(E) (2007) to impose an affirmative duty upon the obligor parent to begin paying child support upon the child's regular re-enrollment/attendance in high school until she graduates or until she reaches the age of twenty years in accordance with the statutory terms. In the instant case, because J.L.B. re-enrolled subsequent to the effective date of the 2007 version of § 112(E), its terms are applicable as of her re-enrollment.

¶ 14 For the foregoing reasons, we reverse and remand with instructions to the trial court to enter an order requiring Father to pay an amount representing the arrearage for child support owed for the period of approximately August 2007 until May 2008 when J.L.B. was regularly enrolled in and attending high school until her graduation in May in accordance with § 112(E) (2007).

¶ 15 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

JOPLIN, P.J., and MITCHELL, J., concur.